| | |
|---|---|
| 39 | 1105 |
| 44 | 1116 |
| 39 | 1105 |
| 46 | 1198 |
| 39 | 1105 |
| 104 | 467 |

## No. 10,051.

### THE STATE OF LOUISIANA vŝ. HENRY HARRIS.

In case a jury returns into court a verdict which, in the opinion of the trial judge, does not conform to the charge in the indictment, or to any lesser offense of the same kind, he may remand the jury, under proper instructions, to correct it.

In this manner the delay and expense of·a new trial may be avoided and same object at, tained.

An application for a new trial, predicated on newly–discovered testimony, is properly refused if it appears from the judge's assignment of reasons in the bill of exceptions reserved, that it was cumulative only.

The judge has the right to direct that proper corrections be made in the minutes, so as to conform same to the facts within his personal knowledge, even after the trial and verdict has been rendered.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Mouton, J.

M. J. Cunningham, Attorney General, and C. H. Mouton, District Attorney, for the State, Appellee.

Felix Voorhies and Dan Voorhies, for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The defendant was indicted on two counts, viz:

·1st. With having feloniously and wilfully stabbed one Jean Baptiste Lalande with a certain dangerous weapon, to-wit, a knife, with intent to kill and murder him.

2d. With having feloniously and wilfully, and with a dangerous weapon, inflicted on said Jean Baptiste ·Lalande a wound less than mayhem.

Having been convicted on the latter, he was sentenced to one year's imprisonment in the penitentiary, and from that sentence appeals.

I.

When the jury returned into court they reported as their verdict the following, viz :

We, the jury, find the prisoner guilty of stabbing with intent to kill," and the trial judge refused to receive it on the ground that it was responsive to no criminal law of the State. He thereupon again explained the law applicable to the case, and the different kinds of verdicts they could render, and directed them to return to their room for further deliberation, and report.

When the jury returned into court they presented the following verdict. viz :

" Guilty of stabbing with a knife, and inflicting a wound less than mayhem."

This verdict was received by the court, and the jury were discharged.

The defendant made complaint in the lower court of this proceeding on the ground that the judge had no authority to thus decline to receive the first report made by the jury as their verdict, insisting that " said verdict was their judgment, and *had to stand as rendered.*" This objection having been overruled, defendant's counsel retained a bill.

Simplified, the question is, was the one first rendered a verdict responsive to either charge in the indictment? or to any lesser offense of the same kind? We think not. It was imperfect and incomplete. The *gravamen* of the charge nominated in the indictment was, an assault with a dangerous weapon with intent to kill and murder, and the inflicting of a wound less than mayhem. As the verdict in question did not, even substantially, respond to either, it was informal and invalid.

In quite a recent case we had occasion to examine and pass upon this question, under somewhat different circumstances. State vs. Oliver, 38 Ann. 632.

In that case the ruling of the trial judge was the same as that of the judge *a quo.*

The jury were discharged after having rendered the verdict complained of. The defendant's counsel moved to set same aside, and have him released from custody.

He argued that the verdict did not respond to the charge in the indictment, and no sentence could be imposed thereunder, and that the defendant must be released from custody.

The judge set aside the verdict, and ordered a new trial. The defendant, assuming that this ruling had the effect of terminating the prosecution, appealed. We maintained the ruling of the lower judge,

and remanded the case for a new trial.  36 Ann. 857, State vs. Foster; 38 Ann. 357, State vs. Burdon.

Had the trial judge, in the Oliver case, taken notice of the defectiveness of the verdict, and directed the jury to have reformed it *instanter*, the same result would have been accomplished, without the delay and expense of a new trial, before a different jury.  We commend the course pursued by the trial judge as being at once judicious and consistent with a prompt and vigorous enforcement of the criminal law.

### II.

The defendant's complaint of the judge's ruling is made the basis of an application for a new trial in part, and same was properly refused.

The objection that the verdict subsequently rendered was, and is, contrary to law and the evidence, cannot be considered.  We have so decided frequently and recently.

Of his supplemental application for a new trial, on the ground of newly-discovered evidence, the district judge says:

" It is evident to my mind, from the facts elicited, and other witnesses heard, that such testimony, *if it does exist*, must certainly have been within the knowledge of the accused ; the more so, as that alone could have justified, or extenuated his assault ; and his failure to pro-cure it shows want of due diligence."

He also states that this newly-discovered testimony being only *cumulative* with that offered and received on the trial, its subsequent discovery does not authorize a new trial."

The refusal of the trial judge to grant a new trial on this ground is in strict conformity with elementary principles and our repeated decisions on the subject.

### III.

The defendant's counsel sought to have the judgment arrested on an assignment of various defects and fatal omissions in the record, such as the following, viz :

1st.  That the minutes do not show that the indictment was found by the grand jury.

2d.  Nor that same was returned into court.

3d.  And if returned, it was not in *open* court.

4th.  Nor that same was returned by the foreman of the grand jury.

5th.  That the minutes do not show that the accused was present during the trial, when the jury were sworn, and at every other stage of the proceedings.

The trial judge assigns as his reason for overruling the defendant's

motion that certain corrections in the minutes were necessary, and he caused them to be made, so that they should conform to his personal knowledge of the facts which came under his observation.

As thus corrected and supplemented, all the defendant's objections are answered.

His complaint of their having been made after the trial had been completed and the jury discharged, is not well founded.

As the minutes appeared when this motion was filed they are incomplete, and did not *truthfully* disclose the proceedings had.

Under the circumstances, it was not only the privilege, but the the *duty*, of the judge presiding over the trial, to have the minutes so corrected as to conform to the facts. We have so decided frequently and recently. 38 Ann. 469; State vs. Pierce, 39 Ann.

Judgment affirmed.

Mr. Justice Todd absent.