State vs. Frisbie. ·

No. 1,211.

THE STATE OF LOUISIANA VS. HENRY N. FRISBIE.

41  615
121  601

In a motion for new trial on the ground of newly discovered evidence, if the evidence be newly discovered, if it be credible and unsuspicious, and if it be material and important in the case, the new trial should be granted.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*John J. Finney*, Assistant District Attorney for the State, Appellee.

*B. Armbruster* and *L. O'Donnell* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The defendant, an attorney at law, was prosecuted and convicted of embezzling money collected by him for his client. The case rested on testimony to the effect that having collected from the Illinois Central Railroad Company fifty dollars in settlement of a claim made by his client, he had falsely represented that he had collected only twenty-five dollars, and had settled with her by giving her twenty dollars and retaining five dollars as his fee, while concealing from her the receipt of the additional twenty-five dollars which he retained and converted to his own use.

The essential point in the case is the fact of concealment; for if the client knew that he had received fifty dollars and had accepted twenty dollars and consented to his retaining the balance, the crime charged would not have been established.

There seems to have been a conflict of evidence on the trial, but the jury believed the prosecutrix and found the defendant guilty.

A motion for new trial was made, one ground of which alone merits consideration, viz : That of newly discovered evidence.

The newly discovered evidence relied on is that of Mr. Mann, the officer of the railroad with whom the settlement was made, who testified that the prosecutrix was present in the office at the time the matter of settlement was discussed and when the agreement was reached to pay fifty dollars, and that he thinks she could have heard the conversation ; and also the testimony of E. L. Simonds, Esq., the attorney of the company, who states that he was called and drew up the papers on which the settlement was made ; that he prepared a power of attorney from the prosecutrix to Frisbie, authorizing him to settle and receipt for the

claim; that Frisbie and the prosecutrix took this power to a notary, before whom it was executed and duly acknowledged; that Frisbie returned alone and received and receipted for the money; that he (Simonds) left before Frisbie, and, as he reached the bottom of the stairs, saw the prosecutrix seated their crying; that he stopped and said to her: " Jane, we have paid your attorney fifty dollars for you upstairs."

This last mentioned fact is the only part of the testimony which has the slightest claim to be considered as newly discovered, but this is fully entitled to be accepted as such. It was a communication between the witness and the prosecutrix, out of the presence of the defendant, and could only have been known to the latter by being told to him, and he swears that he was not told and did not know of it until after the trial, and there is no intimation to the contrary.

The source from which the testimony comes leaves no doubt as to its truth.

The testimony is certainly material, and indeed, important in its bearing upon the case.

If the prosecutrix heard and understood the statement made to her, she was informed of the very fact, concealment of which by Frisbie was the ground of the charge made against him. If, knowing that he had received fifty dollars, she accepted twenty dollars in settlement and suffered him to retain the balance, there was no embezzlement. It may be that she did not hear or understand the statement; and if she did, it may be that Frisbie made a false statement to her and that she believed him rather than Mr. Simond, in which case he might still be guilty. But these are matters to be considered and determined by the jury.

Finding that the evidence is newly discovered; that it is thoroughly credible and unsuspicious; and that it is material and important in the case, we think the defendant is entitled to its benefit, and that he should have a new trial in which it may be heard and weighed by a jury.

The judge a quo may be right in his conviction that it could not have sufficient weight to alter the verdict in the case, but it lies within the province of the jury to determine that question, and we do not feel authorized to anticipate their conclusion.

It is, therefore, adjudged and decreed that the sentence be annulled and set aside, that the new trial applied for be granted, and the case remanded to the court below to be proceeded with according to law.