PROVOSTY, J.
Defendant was tried on indictment for “cutting with intent to murder,” and was convicted of “cutting with intent to kill.”
, She testified in her own behalf that the prosecuting witness assaulted her with a knife, and that she herself acted only in self-defense. Some witnesses testified in her behalf that they saw something in the hand of the prosecuting witness, but could not say whether it was a knife. The prosecuting witness denied that she had a knife, and the witnesses for the state testified that they ran to the place immediately after the cutting and saw no knife that the prosecuting witness had. The cutting took place on the-public road, about 75 to 100 yards from where a picnic was going on. A witness, named Will Haines, who was summoned by the state, but not put on the witness stand,, would have testified that he had waited on the prosecuting witness at table at the-picnic, and that the prosecuting witness had then in her possession a jackknife, and that she put this knife in the bosom of her dress and walked off in the direction of where-the cutting occurred.
Defendant and her counsel made affidavit that although they had used all due diligence-in preparing for trial, they had learned only after the trial that Will Plaines could testify as above stated, and defendant moved fora new trial on the ground of this newly discovered evidence.
The learned judge a quo thought that defendant had not used due diligence in discovering that “Will Haines was an important witness in her behalf.” The only reason, assigned by our learned Brother for so thinking is that:
“Tie cutting took place in the neighborhood in which Haines lived. Some of his neighbors (one of the defense witnesses was named Bud Haines) were witnesses for the defense.”
The reasoning here is that the neighbors-, of Will Haines must have known that he-was possessed of the information in question,, and that they would have advised defendant in that regard if defendant had made inquiry.. We will not deny that there may be some cogency in this reasoning; but it is not sufficient to overcome the positive oath of defendant and her counsel to due diligence having-been used.
Our learned Brother adds that this newly discovered evidence would not change his. *602 opinion of the guilt of the defendant. But ■that is a matter for the jury, and not for him. State v. Frisbie, 41 La. Ann. 615, 6 South. 139. He does not deny the materiality of ■the evidence, which is beyond question.
Judgment and verdict set aside, and case Temanded for trial.