O’NIELL, J.
The defendant, appellant, was indicted for the crime of manslaughter, was tried and convicted, and sentenced to imprisonment in the state penitentiary for seven years.
He relies upon a bill of exception reserved to the overruling of his motion for a new trial, based upon the allegation of newly discovered evidence.
The alleged newly discovered evidence was to the effect that, about two minutes before the tragedy in which the defendant killed Charles Roan, the latter told the newly discovered witness that he (Roan) was going to kill Joe Glover, or the latter would kill him (Roan); and that, immediately after that threat, Roan walked over to where Joe Glover was standing and began shooting at him, and the latter killed Roan to protect his own life.
The trial judge overruled the motion for a new trial, on the ground that the alleged newly discovered evidence would be only cumulative of testimony that had been heard on the trial, and, in his opinion, would not have affected the verdict if the jury had had the benefit of it. It is not suggested by the trial judge, nor contended on behalf of the state, that there was any lack of diligence to procure the alleged newly discovered evidence, that it could have been discovered before the trial, or that it was not material or important, nor is any unfavorable suspicion cast upon it. The statement per curiam is:
“There were numerous witnesses who testified to practically the same thing on the trial and numerous other witnesses who testified that the accused was the aggressor and fired the first shot. I concluded from the evidence that the case was at best one of mutual combat in which neither could plead self-defense.”
The state contends that the defendant was not entitled to a new trial for the reasons: First, because the newly discovered evidence was only cumulative of other evidence that was heard by the jury; and, second, because the trial judge concluded that the newly discovered evidence would not have produced a different verdict than that rendered if it had been heard by the jury.
It has been held in a number of decisions by this court that a new trial should not be granted on the ground of newly discovered evidence, if the newly discovered evidence would be only cumulative of the testimony of witnesses heard by the jury. But in all of the decisions to which we are referred, except perhaps one, the ruling was justified by the fact that there was a lack of diligence or that the circumstances showed that the defendant or his attorney must or should have known of the alleged newly discovered evidence before the trial, and the trial judge had good reason to regard it with suspicion.
In the earliest decision cited by the state’s attorneys, that of State v. Williams, 38 La. Ann. 361, it was said that it would be an unwise restriction on the discretion of the trial judge to hold that he could mot take into account his belief that false swearing was resorted to to set aside the conviction and obtain a new trial. In that case, however, the ruling was founded and was sustained on the ground that the sole object of the al *729 leged newly discovered evidence was to impeach. a witness who had testified for the state, on a question as to which the defense had sought to obtain an admission from him during the trial. Hence the decision rested principally upon the lack of materiality or importance of the alleged newly discovered evidence.
In State v. Harris, 39 La. Ann. 1105, 3 South. 344, where it was again said that an application for a new trial, predicated upon newly discovered evidence, should be refused when it appeared that the alleged newly discovered evidence was only cumulative, the decision rested upon the fact that the alleged newly discovered evidence, if it existed, must have been within the knowledge of the accused before his trial. That decision was affirmed in State v. Jones, 46 La. Ann. 545,[1] 15 South. 402, in which, however, the court found that “there was an absolute want of ordinary diligence on the part of the accused”; and -the latter decision was cited as the precedent for the ruling in State v. Green, 49 La. Ann. 65, 21 South. 124.
In State v. Bailey, 50 La. Ann. 533, 23 South. 603, it was said that newly discovered evidence merely cumulative was not a sufficient ground for granting a new trial, citing State v. Hanks, 39 La. Ann. 234, 1 South. 458, and State v. Lamothe, 37 La. Ann. 43; and that newly discovered evidence, having no other effect than to impeach a state witness, was not a sufficient ground for granting a new trial, citing State v. Williams, 38 La. Ann. 361. The decision was cited as the precedent for the ruling in State v. Lejeune, 52 La. Ann. 463, 26 South. 992, where, however, the circumstances disclosed that the alleged newly discovered evidence was in fact not newly discovered.
In State v. Maxey, 107 La. 799, 32 South. 206, the doctrines relied upon by the state were announced, viz.; (1) That the fact that the alleged newly discovered evidence was only cumulative was a sufficient reason for refusing to grant a new trial; and (2) that the judge’s belief that the alleged newly discovered evidence was not true was a sufficient ground for refusing the new trial. But the decision rested upon the finding that the defendant had not used due diligence to procure the alleged newly discovered evidence before the trial, and that the witness could have been produced with ordinary diligence.
In State v. Albert, 109 La. 201, 33 South. 196, it was said that the rule that a new trial should not be granted to hear newly discovered evidence that would be merely cumulative was not inflexible. It was said that the newly discovered evidence should at least be such as would impress the trial judge with a decided belief that, if added to the other evidence in the case, it would be likely to turn the scale in favor of the accused. That doctrine, however, is contrary to the constitutional requirement that the jurors are the sole and exclusive judges of the sufficiency of the evidence pertaining to the guilt or innocence of the accused. It is contrary to the doctrine announced in State v. Frisbie, 41 La. Ann. 615, 6 South. 139, where this pertinent language was used, viz.:
“The judge a quo may be right in his conviction that it [the newly discovered evidence] could not have sufficient weight to alter the verdict in the case, but it lies within the province of the jury to determine that question, and we do not feel authorized to anticipate their conclusion.”
In the case last cited it was said:
“In a motion for new trial on the ground of newly discovered evidence, if the evidence be newly discovered, if it be credible and unsuspicious, and if it be material and important in the case, the new trial should be granted.”
In State v. Brown, 121 La. 599, 46 South. 664, citing State v. Frisbie, supra, the doctrine was stated thus:
“A new trial must be granted where important evidence has been discovered since the trial and *731 due diligence had been used. The fact that the judge does not believe that the evidence would change the verdict is immaterial. Whether it will or not is a question, not for the judge, but for the jury.”
In State v. Ferguson, 114 La. 70, 38 South. 23, where it was held that the general rule, that a new trial should not be granted on the ground of' newly discovered evidence that would be merely cumulative, was not inflexible, but that a new trial should not be granted in such case unless the evidence relied on impressed the trial judge with a decided belief that, if added to the other evidence in the case, it would likely turn the scale in favor of the accused, the ruling was in fact based upon the finding that the defendant had not used due diligence, and the ruling of the trial judge was held to be conclusive because the record did not contain the evidence necessary to review it. And in the two later cases cited by the state (State v. Lee, 127 La. 265, 53 South. 559, and State v. Thomas, 127 La. 273, 53 South. 562), the judge’s conclusion, that the alleged newly discovered evidence was not worthy of belief, was based upon the facts and circumstances showing that the evidence was not really newly discovered, but was, from the fact that the defendant must have known of its existence, if in truth it existed, before the trial, indeed very suspicious.
In two later cases in which it was held that the judge was justified in refusing to grant a new trial, because the alleged newly discovered evidence was regarded by him with suspicion (State v. Vige, 137 La. 130, 66 South. 383, and State v. Pailet, 139 La. 697, 71 South. 951), the evidence was in fact not newly discovered; and the ruling, refusing the new trial, was affirmed in each ease on the ground that the defendant knew, before the trial, that the witnesses were in possession of the facts, if they were facts, to which they proposed to testify on a new trial.
Although it is not the province of the trial judge to determine what effect newly discovered evidence might have on the mind of a juror, it is his province — and his alone— to determine whether a new trial should be granted for the admission of newly discovered evidence. In the determination of that question it is necessary that the judge should consider what facts were proven on the trial. If the fact intended to be proven by the newly discovered witness or witnesses was not disputed on the original trial, or if it was so completely proven that it would be futile to add more evidence of the fact, the rule that a new trial should not be granted to admit newly discovered cumulative evidence would be clearly applicable. In determining whether the newly discovered evidence might affect the verdict of the jury, the trial judge has to determine whether the newly discovered evidence is sufficiently important or material to the issues in the case to justify setting aside the verdict and granting a new trial; and the question of the importance or materiality of the newly discovered evidence is to be determined largely from the facts that were developed on the trial, and is largely within the discretion of the trial judge. Although the question of credibility of a witness is a matter for the jury to determine on the trial of the case, nevertheless on an application for a new trial, on the ground of newly discovered evidence, the trial judge should consider whether false swearing has been resorted to to set aside the verdict and obtain a new trial. His discretion in that regard is of course not unlimited or arbitrary, but refers particularly to his determining whether the defendant has used due diligence to procure the evidence before the trial, and whether it was in fact newly discovered or seems suspicious. Hence the fundamental and constitutional provision that the jurors are the exclusive judges of the credibility and suffi *733 eiency of the evidence in a criminal case is not altogether applicable on the trial of a motion for a new trial based upon the allegation of newly discovered evidence.
In this case, there is no contention or suggestion that the newly discovered evidence is incredible. There is no dispute nor doubt that it is material and important to the main issue in the case, that is, the plea of self-' defense. It is virtually admitted in the statement per curiam that the facts intended to be proven by the newly discovered evidence were closely contested before the jury. Under such circumstances, the trial judge was not justified in refusing the new trial, either because the evidence was cumulative or because he did not believe it would have had sufficient weight to have produced a different verdict if it had been heard by the jury.
The verdict and sentence appealed from are annulled, and it is ordered that this case be remanded to the district court for a new trial.

 Reported in full in the Southern Reporter; reported as a memorandum decision -without opinion in 46 La. Ann. 646.