(83 South. 18)

No. 23510.

STATE v. LIRETTE et al.

(June 30, 1919. Rehearing Denied Oct. 14, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ☞1011—WHEN MAXIMUM FINE BELOW APPELLATE JURISDICTION, CASE REVIEWABLE BY CERTIORARI.

Parties convicted and sentenced under Acts 1917, Ex. Sess., Act No. 6, for infringement upon oyster leases granted by the Department of Conservation, are not entitled to appeal, the maximum penalty being designedly fixed below the appellate jurisdiction of the Supreme Court, but the conviction may be reviewed by certiorari.

2. CRIMINAL LAW ☞1134(7)—SCOPE OF REVIEW ON CERTIORARI SAME AS ON APPEAL.

On certiorari to review conviction under Acts 1917, Ex. Sess., Act No. 6, for infringing on an oyster lease, the court's discretionary action in refusing defendant's motion for time to make a survey and for a new trial will be given the same consideration as it would have received on an appeal.

3. CRIMINAL LAW ☞313, 939(1)—NEW TRIAL DENIED FOR LACK OF DILIGENCE IN PROCURING EVIDENCE.

Defendants charged with violating Acts 1917, Ex. Sess., Act No. 6, by infringing upon

145 LA.—26

oyster leases granted by the Department of Conservation, are presumed to know that the law does not require such leases to be recorded except in the office of the Department of Conservation, and where they had more than a year in which to make the necessary investigation of the extent of the lease and to have a survey made for such purposes, and did not require the state to produce the lease upon the trial, they were not diligent and not entitled to a new trial.

Certiorari, Mandamus, and Prohibition to Twentieth Judicial District Court, Parish of Terrebonne; H. M. Wallace, Jr., Judge.

A. Lirette and others were convicted under Extra Session Acts 1917, Act No. 6, of infringing upon oyster leases granted by the Department of Conservation, and they apply for certiorari, mandamus, and prohibition. Preliminary rule nisi upon certiorari recalled, and application dismissed.

Harris Gagne, of Houma, for relators.

DAWKINS, J. Defendants were charged with violating the provisions of Act No. 6 of the Extra Session of the Legislature of 1917, which provides punishment for those who infringe upon oyster leases granted by the Department of Conservation, were duly convicted, and were each sentenced to pay a fine of $100 and costs and to serve 30 days in the parish jail.

The grounds upon which this court is asked to intervene are: That the statute under which they were charged and convicted was passed at the instance of the Department of Conservation, and the maximum penalties were designedly fixed below the appellate jurisdiction of this court in order to preclude the right of appeal; that the lease, under which those whose rights defendants are charged with having violated hold, is false and fraudulent, and they were not and could not have been advised of its purported terms and extent until same was offered in evidence on the trial, because it had never been recorded; that when defendants discovered on

the trial that the lease covered only 28 acres of the bed of Bay Des Enfants, which was the earliest time that it could have been done, they, after conviction, asked the court below for a reasonable time within which to file a motion for a new trial, so that a survey and measurement of the said Bay might be made, by which they would be able to show that said lease was false, fraudulent, and did not cover the space on which they were charged with having trespassed; that said motion for additional time was overruled, whereupon a motion for a new trial was also filed on substantially the same grounds, also overruled, and jail sentences imposed upon the defendants as above indicated—to all of which defendants objected and excepted, attaching to their application here formal bills of exception.

A rule nisi was issued, and the lower court has sent up the record, together with its answer.

[1] The answer advises us that the accused were charged, convicted, and sentenced as alleged, under said Act No. 6 of 1917, with the larceny of oysters from certain leased premises held by Cenac & Belanger under lease from the Department of Conservation; that all of the evidence on the trial was oral, save the lease, and the respondent was convinced beyond a reasonable doubt of the guilt of the accused, who were accordingly convicted; that, in refusing the motions for time to make the survey and for a new trial, respondent exercised a lawful discretion, and did not believe that a survey would show the true status of the matter on a new trial, but would result in a mere waste of time, without accomplishing any useful purpose; and that respondent did not consider the ex parte affidavits of the four accused, charging that the lease and survey were fraudulent, sufficient to overcome the other evidence in the case which showed that the leased bottoms were properly marked and staked, together with the presumption of proper and lawful action existing in favor of sworn officers of the state.

[2] The issue is the same as would have arisen if the case could have been appealed from a judgment overruling a motion for a new trial on the ground of newly discovered evidence, except that the accused were unable to swear to the specific facts which they expected to prove, because the survey had not been made. We must therefore give the same consideration to the lower court's action, in exercising its discretion, as we would have on appeal.

[3] We find that the lease does not have to be recorded under the act of 1917, except in the office of the Department of Conservation. Defendants are presumed to have known the law, and should have applied there to ascertain the extent of the lease of Cenac & Belanger, which they were charged with violating, in advance of the trial in the first instance; or should have called upon the state to produce the lease. The charge (a bill of information) was filed on April 4, 1918, and we assume that the accused were arrested shortly thereafter. They were arraigned on May 10th of that year, and their case set for June 10, 1918. For some reason, it was not tried and was not called again until April 14, 1919, when it was again fixed, for April 23, 1919. On the latter date, accused were tried and convicted, but released on bond to appear on April 25th for sentence. On the 25th of April, the motion for delay, in order to have the survey made, was filed, carried over until the 26th, and on that date both it and the motion for a new trial were tried and overruled and the accused sentenced as above indicated.

Thus the accused had more than a year in which to have made the necessary investigation of the extent of the lease, and to have a survey made for the purposes alleged. This they did not do, but, after conviction, sought to obtain further time in which to procure evidence which could have been had at the

first trial, if any measure of diligence had been used.

In the felony case referred to in brief (State v. Glover, 140 La. 726, 73 South. 843), there was no question of want of diligence, and a new trial was ordered, even though the newly discovered evidence was merely cumulative. In the present case, the record is replete with evidences of the lack of diligence.

We have gone into this matter with particular care, because of the fact that persons accused under the Act No. 6 of 1917 have no right of appeal, even under its maximum penalties, but the circumstances are such that we cannot grant relief without encouraging a practice which would permit an accused to take chances on a trial, and, after conviction, seek to develop evidence which could and should have been had on the first trial.

For the reasons assigned, the preliminary rule issued herein is recalled, and the application dismissed, at the cost of the applicants.