(88 South. 76)

No. 24345.

## STATE v. DAY.

(Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⊂⊃1059(1) — No particular form necessary for exceptions to rulings.**

The purpose of exception being to apprise the court that the party is aggrieved by its ruling on any particular matter and of his desire to have the same reviewed by the appellate court, there is nothing requiring that to be done according to any particular form.

**2. Criminal law ⊂⊃941(1)—Newly discovered cumulative evidence held to require new trial.**

In a prosecution for having carnal knowledge of a female alleged to be less than 18 years old, newly discovered evidence as to the age of the female, although cumulative, *held* to require a new trial.

Appeal from Fourth Judicial District Court, Parish of Lincoln; J. B. Crow, Judge.

Malvin Day was convicted of having carnal knowledge of an unmarried female between the ages of 12 and 18 years, with her consent, and he appeals. Reversed and remanded.

H. B. Warren, of Ruston, for appellant.

A. V. Coco, Atty. Gen., and S. L. Digby, Dist. Atty., of Farmerville (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. On further consideration, we find that exception was taken to the overruling by the lower court of defendant's motion for a new trial. The minute entry on the subject is as follows:

"October 16th. Motion for new trial overruled. On motion by district attorney for sentence, the court sentenced the accused to be imprisoned in the parish jail, subject to public work according to law for and during a period of not less than 10 months or more than 16 months, subject to commutation. *Defendant's counsel asked permission to present bill of exception to the overruling of motion for new trial in chambers, which was granted, together with the right to present written application for appeal.*"

[1] The purpose of exception is to apprise the court that the party is aggrieved by its ruling on any particular matter and of his desire to have the same reviewed by the appellate court; and we know of nothing requiring that this be done according to any particular form. We think the portion of the entry italicized shows that this was done. It is true that the judge, in his per curiam, says that he did not recall that exception had been reserved to his ruling, but he very candidly says therein that he might be in error, and refers us to the minutes as controlling.

The issue in the case was as to the age of the prosecutrix, defendant admitting the carnal knowledge and basing his defense upon the contention that she was above 18 years of age when the act was committed. The exception informs us that testimony was introduced pro and con, but no witness for defendant was able to fix the date of birth. Attached to the motion for new trial were affidavits by the stepgrandmother of the prosecutrix, who swore that the latter's mother was pregnant when she married on November 1, 1900 (the date of the alleged offense being March 12, 1920); that affiant attended her in her confinement, which took place about five months later, and knows that Lucy May (prosecutrix) was the child born; also by the half-uncle of Lucy May to the same effect; both parties having lived at the time on the same farm and within a short distance of Lucy May's mother. There was also attached to the motion affidavit by a reputable physician, who swore that he had attended Louvonia May (mother of prosecutrix) and delivered her of a female child on March 27, 1901, producing an original record kept by him at the time, in which the births of all children delivered were recorded. It was admitted that Louvonia May never had but one female child, that being Lucy May. Hence, if this testimony had been before the

jury, it is highly improbable that accused would have been convicted.

It appears that none of the three witnesses lived, at the date of the trial, in the vicinity where the offense was charged to have been committed. The grandfather of Lucy May had made affidavit before a justice of the peace charging the defendant with the offense, and fixed the date of his granddaughter's birth at a time which that officer advised him would have made her more than 18 years of age. He subsequently changed his testimony. No record of the girl's birth was produced, although the mother swore one had been kept.

[2] In the motion for new trial it was alleged that the defense had been taken by surprise, and, in view of all the circumstances, we think the case was one in which a new trial should have been granted.

The newly discovered evidence was not only cumulative, but of such a positive and convincing nature on the material fact pertaining to the defense, i. e., the age of the prosecutrix, that we doubt not that if it had gone to the jury the accused would have been acquitted. Even though it were cumulative, this fact alone would not rob it of its value as a ground for new trial. State v. Glover, 140 La. 726, 73 South. 843.

For the reasons assigned, the verdict and sentence appealed from are set aside, and this cause remanded to be proceeded with according to law.