(95 South. 414)

No. 25373.

### STATE v. DIMM.

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

Homicide ⊂⊃319—Newly discovered evidence that deceased had gun held to entitle defendant to a new trial.

Where the evidence showed that deceased provoked the difficulty in which he was killed and actually knocked accused against a wall or fence, but tended to negative the idea that he had, or was attempting to use, a pistol, newly discovered evidence that he was seen to drop a gun entitled accused to a new trial.

Appeal from Criminal District Court, Parish of Orleans; N. E. Humphrey, Judge.

Ferdinand Dimm was convicted of manslaughter, and he appeals. Judgment and sentence annulled and set aside, and case remanded.

Ulic J. Burke, and Daly & Hamlin, all of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendant was charged with murder, convicted of manslaughter, and prosecutes this appeal, based upon some five bills of exception.

The first bill is not discussed in brief, and was not mentioned in oral argument; hence we take it that the same has been abandoned.

Bills Nos. 2 and 3.

These two bills were retained to the refusal of the trial judge to hear testimony in support of the application for a new trial, and to the overruling of that motion. The motion was based mainly upon what was alleged to be newly discovered evidence. The wife of the accused was placed upon the stand to prove the circumstances under which the facts set forth in the affidavit of the newly discovered witness were brought to the defendant's attention after the conclusion of the trial. Objection was made by the state, in substance, to the effect that even granting the witness would swear to the facts set forth in the affidavit, the same would not be sufficient basis for a new trial, and that objection was sustained by the court below. The statement in the affidavit bearing upon the homicide, is as follows:

"My name is Henry Hidden; I am 9 years old, and will be 10 on March 31, 1922. I am now attending McDonough No. 5 school, in the city of New Orleans, and am in 3d grade B. On the night of Wednesday, December 14, 1921, the night of the shooting at Opelousas and Vallette streets, I was at the picture show shining shoes, between 7:15 and 7:30 p. m. The picture show is on Opelousas street, one block from the shooting. I left the picture show, and went up Verette street to Slidell, and on Slidell to Vallette. When I reached the corner of Slidell and Vallette streets, two shots, coming from the direction of Opelousas and Vallette, attracted my attention. I looked right away, and saw a man back out into the street. I saw him drop a gun and a lady, a white lady, came and picked it up. The man who dropped the gun was a tall man. It was Sidney Teal. I would not recognize the lady who picked the gun up. Right after I saw that I ran home, and told my father what I had seen. He was in bed when I reached home. I do not know Mr. Dimm, and never told him what I saw. I know Mrs. Dimm, but I did not tell her.

"There was plenty of light that night. A light is on the big hill in the middle of the street, a light is on the shop, and lights are on the other side, at the automobile place, around Opelousas and Vallette streets."

Sidney Teal was the deceased, and while it is true that the other evidence in the case tends to negative the idea that Teal had a pistol, or was attempting to use it, if he did have, yet, we cannot say what effect such proof might have had upon the minds of the jurors, had it been produced before them. There appears to have been no doubt but that the deceased provoked the difficulty, and actually knocked accused against the wall or fence before he fired; hence, if it had been shown that he had a pistol and was in the act of drawing it when he was shot, the jury could and doubtless would have found that he acted in self-defense. The evidence was certainly relevant and material, since admittedly there was none other to the same effect. It is not impossible that the other witness did not see fit to mention the pistol, or that they failed to see it; and, in any event, the jury was entitled to have the benefit of this evidence, along with the other circumstances of the case, and to weigh it all in judging the facts.

It is not intimated by counsel for the state that the evidence in question was not newly discovered, or that it is false or unworthy of belief; hence it does not appear necessary to remand the case for laying that foundation.

Our conclusion is that accused was entitled to a new trial for the purpose of having the benefit of this newly discovered evidence. State v. Frisbie, 41 La. Ann. 615, 6 South. 139.

It becomes unnecessary, in view of this conclusion, to consider the remaining bills, since they do not involve matters which will arise on the new trial.

For the reasons assigned, the judgment and sentence appealed from are annulled and set aside, and this case is remanded to be proceeded with according to law.