O’NIELL, C. J.
The only question presented in this case is whether the rule that a new trial of a criminal case should not be allowed for the hearing of newly discovered evidence ¿hat would be cumulative or corroborative of evidence that was heard on the original trial has its exceptions. The newly discovered evidence on which the motion for a new trial was founded in this case consisted of the testimony of eight witnesses as to facts which, for the most part, appear to be of very grave importance. The motion contained the usual and necessary allegations that due diligence had been used for procuring evidence before the trial, that the defendants and their attorneys were not aware before the trial of the evidence discovered thereafter, and that the newly discovered witnesses could and would be produced at another trial. It is not contended on behalf of the state that there was a lack of diligence on the part of the defendants or their attorneys, or that there was even a suspicion that the alleged newly discovered evidence was not, in fact, newly discovered. The .only reason given by the district judge in his statement per curiam for overruling the motion for a new trial was:
“The court is of the opinion that the trial and verdict were in accordance with the law and the evidence. The facts set out in the motion as newly discovered evidence are matters that were gone into on the original trial, and, at best, were only cumulative evidence.”
From the statement that the matters or issues to which the alleged newly discovered evidence had reference had been contested or “gone into on the original trial,” it must be conceded that the alleged newly discovered evidence was material to the issues in the case.
In Wharton’s Criminal Procedure (10th Ed.) vol. 3, § 1807, p. 2253, after a statement of the general rule that a new trial should not be allowed for hearing newly discovered evidence that would be only cumulative of evidence that was heard on the original trial, it is said:
“But it is otherwise if sucl> new evidence consists of a strong mass of proof previously unknown to the party.” i
In 20 R. C. L. § 77, p. 295, the rule and the exceptions thereto' are stated thus:
“As a general rule, a new trial will not be granted on account of the discovery of facts and circumstances merely cumulative in their character. The reason of the rule is that public policy, looking to' the finality of trialá, requires that parties be held to diligence in preparing their cases for trial, and it is not, strictly speaking, an independent rule, but a mere corollary of the requirement that the newly discovered evidence must be such as to render a different result probable on a retrial of the case. The rule must, however, be taken in its proper sense, and is not to be understood as precluding a new trial in every case where the new testimony relates to a point contested on the former trial; for, if it were so,'a new trial would seldom, if ever, be granted in any case. The rule, when properly applied, is a salutary guide to the discretion of the court, and where the testimony is strictly cumulative and merely increases the weight of evidence, leaving the cause still in doubt; or where it is of such a nature that its truth may be conceded without justifying acquittal in the face of other evidence, a new trial will not be granted. On the other hand, in a number of cases, the courts have recognized the fact that a new trial should be granted for newly discovered cumulative evidence, where it is probable that the effect of such evidence would be to produce a different verdict on retrial. In other cases it is held that a new trial should be granted for newly discovered cumulative evidence when it is positive and conclusive. -Such language, of course, is equivalent to requiring that the cumulative evidence be of sufficient force to render a different verdict probable.”
In the late case of State v. Glover, 140 La. 726, 73 South. 843, after reviewing and reconciling all of the decisions of this court, maintaining, as a general rule, that a new trial should not be granted to hear newly discovered evidence that would be merely cumulative, we said:
*417 “When it is shown, on an application for a new trial of a criminal case on the ground of newly discovered evidence, that there was^ no lack of diligence on the part of the defendant to procure the evidence before the trial, that the evidence could not have been produced on the trial, that it is material and important to the defense made in the case, as to which there was conflicting evidence, and that the newly discovered evidence is not apparently incredible or suspicious, the trial judge is not justified in refusing to grant the new trial on the ground merely that the evidence would be only cumulative of other evidence heard by the jury, and would not, in the opinion of the judge, affect the verdict.”
In State v. Ferguson, 114 La. 70, 38 South. 23, where the ruling of the court turned upon the finding that the' defendant had not used due diligence, it was acknowledged that the rule against granting a new trial for hearing newly discovered cumulative evidence was “not absolutely inflexible.”
In State v. Brown, 121 La. 599, 46 South. 664, it was held:
“A new trial must be granted where important evidence has been discovered since the trial and due diligence had been used. The fact that the judge does not believe that the evidence would change the verdict is immaterial. Whether it would or not is a question, not for the judge, but for the jury.”
In State v. Frisbie, 41 La. Ann. 615, 6 South. 139, the syllabus of the opinion, which is in accord with the text, reads:
“In a motion for new trial on the ground of newly discovered evidence, if the evidence be newly discovered, if it be credible and unsuspicious, and if it be material and important in the case, the new trial should be granted.”
And in the opinion itself it is said:
“The judge a quo may be right in his conviction that it [the newly discovered evidence] could not have sufficient weight to alter the verdict in the ease, but it lies within the province of the jury to determine that question, and we do not feel authorized to anticipate their conclusion.”
We do not approve the statement made in the cases cited that the trial judge, in considering a petition for a new trial on the ground of newly discovered evidence, has nothing to do with the question whether the newly discovered evidence might warrant a different verdict. We said in State v. Glover, supra, that it was the province of the judge to have in mind whether the newly discovered evidence was of such importance 'that it might have affected the result if the jury had heard it. The reason for overruling the motion for a new trial in this case was not that the judge did not consider the newly discovered evidence of sufficient importance to affect the result. We are convinced that the mass of evidence mentioned in the motion for a new trial might warrant an acquittal on a retrial of the ease.
It is true that in several eases this court has stated the proposition broadly, and as if it were' without exception, that a new trial of a criminal case should not be granted for the purpose of hearing newly discovered evidence that would be only cumulative or corroborative of evidence that was heard’ on the original trial. All of the decisions in which the rule was referred to, however, were reviewed and analyzed in our opinion in the late case' of State v. Glover, supra; and it was shown that this court had never declared that the rule was without exception. The conclusion then reached was deliberate and unanimous. It was said that, if the . fact intended to be proven by the newly discovered evidence was not disputed on the original trial, or if it was so convincingly proven that it would be futile to add more evidence of the fact, the rule that a new trial should not be granted to hear newly discovered cumulative evidence would be applicable. It was said, too, that it was the province of the judge to determine, from the evidence heard on the original trial, whether the newly discovered evidence would he sufficiently important to justify setting aside the verdict arid granting a new trial. What *419 we had in mind was that, if the fact or facts intended to be proven by the newly discovered evidence would be not entirely inconsistent with the verdict rendered, a new trial should not be granted merely to add cumulative or corroborative evidence of such fact or facts. We have not been referred to an opinion of any court or text-writer in conflict with the opinion which we expressed in State v. Glover; and no reason has been suggested for overruling the decision.
The verdict and sentences appealed from are annulled, and it is ordered that this case be remanded to the district court for retrial.
LAND, J., dissents and gives reasons.
ST. PAUL, J., dissents.