## THE STATE v. HUNT.

The jurisdiction of the Supreme Court being limited by the constitution, in criminal cases, to questions of law alone, no appeal will lie from an order of the judge of the first instance, overruling an application for a new trial made on the ground of newly discovered evidence, where the application was refused by the judge because he did not believe the affidavit of the prisoner. *Per Curiam*: We cannot review, in criminal cases, the acts of a judge of the first instance, resting in his discretion. There is nothing in the stat. of 1846, providing for the mode of bringing criminal cases before this court, which affects the question under consideration. It depends upon the constitution alone.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. *Collins*, for the appellant. The opinion of the court was pronounced by

EUSTIS, C. J. *Oliver Hunt* was convicted of larceny in the First District Court of New Orleans, and was sentenced, for his offence, to two years imprisonment at hard labor in the penitentiary. He applied for a new trial, on his affidavit that he had, since the trial, discovered two witnesses, by whose testimony he could establish an *alibi*. The district judge overruled the application for a new trial, and *Hunt* has appealed from the judgment awarding the sentence.

We do not propose to examine the sufficiency of the affidavit; but to consider the question, whether this court, under the constitution, can review the decision of the district judge, in refusing the application for a new trial. The jurisdiction of this court in criminal cases extends to questions of law *alone*, whenever the punishment of death or hard labor may be inflicted, or when a fine exceeding three hundred dollars is actually imposed. By the 33d section of the act of May 4th, 1805, for the *punishment of crimes and misdemeanors*, the rules of evidence and all other proceedings in criminal cases, except as otherwise provided, were to be according to the common law, changing what ought to be changed; and since that period, all our criminal statutes have been enacted and construed with reference to that system. It is therefore a safe guide, in construing the article of the constitution vesting this court with its limited criminal jurisdiction. Under the common law judgments can be reversed by writ of error, which lie from all inferior criminal jurisdictions to the court of Queen's Bench, and from the Queen's Bench to the House of Lords. A writ of error does not lie to the House of Lords for an error in fact; but, for an error of this description, a writ of error *coram nobis*, as it is there called, lies in the same court. This is the case in some of the States of the Union, where the courts, from their organization, can issue a *venire* for the trial of the error of fact. See case of *Arnold et al* v. *Duncan*, 14 Johnson's Rep. 417.

---

It seems to us to be clear, that the constitution, in limiting the jurisdiction of this court, in criminal cases, to questions of law *alone*, by its terms excluded all cognizance of questions of fact. The Supreme Court of the United States, in construing its common law jurisdiction, under the constitution, and the judiciary act of 1789—a jurisdiction by no means restricted as much as ours—has determined, by a series of decisions, what points are open for examination under a writ of error; and those decisions have all been made in conformity with what were understood to be the rules and principles of the common law. By the 22d section of the judiciary act, it is provided that on a writ of error to the Supreme Court, there shall be no reversal for error in fact. That court has always held, that error does not lie on the refusal of the court below to grant a new trial. Although that court takes no cognizance of criminal cases, except in a division of opinion of the judges of the court below, the decisions in civil cases appear to us conclusive of the principle. *Henderson* v. *Moore*, 5 Cranch, 11. *Barr* v. *Gratz*, 4 Wheaton, 213. *Blunt's lessee* v. *Smith et al.* 7 Wheaton, 248. *Brown* v. *Clark*, 4 Howard, 4.

In the case of *Barr* v. *Gratz*, Judge Story remarked that the proposition was too plain for argument.

Nor does error lie, on the refusal of the court below to continue a cause after it is at issue. *Marine Insurance Co.* v. *Hodgson*, 6 Cranch, 218. In that case, Mr. Justice Livingston says, it may be very hard not to grant a new trial, or not to continue a cause; but in neither case can the party be relieved by a writ of error. *Wood* v. *Young*, 4 Cranch, 237. 5 Cranch, 280. 7 Cranch, 152. 7 Cranch, 565 etc.

If this court cannot examine a question of fact in a criminal case, it cannot review the acts of a judge of the first instance resting in his discretion. In the present case, the judge did not believe the affidavit of the prisoner, that he could prove an *alibi*. He sat on the trial of the cause, he heard the witnesses, and had an opportunity of forming an opinion of the whole affair, with its attendant circumstances; and, we think, the constitution has provided wisely in leaving these matters in the discretion of the magistrate, who has the best means of thoroughly understanding them. If the facts attempted to be proved by the affidavit of the prisoner, were to be confessed in court by the attorney general, a different case would be presented; and cases have occurred, in which courts have acted upon the confession of the attorney general, on writs of error of errors in fact. *Rex* v. *Wilkes*, 4 Burrows, 2550.

In this case nothing is conceded; and a question of fact, which we are not permitted to determine, is an insuperable obstacle to the exercise of our jurisdiction, which is confined to questions of law *alone*.

There is nothing in the statute of 1846, which provides for the mode of bringing criminal cases before this court, which affects the question under consideration. It depends upon the constitution alone.

Previous to the adoption of the present constitution, the late Court of Errors and Appeals, in the case of the *State* v, *Charlotte*, 8 Robinson, 529, held that, under the statute creating the court, it was empowered to grant relief against decisions of inferior tribunals, in criminal cases, on questions confided to their legal discretion. The ground on which that decision was based was that the various decisions of the Supreme Court of the United States on that subject, were inapplicable to that court, because, under the statute creating it, the court was not a court of *errors only*. The insertion of the word *alone* in the consti-

STATE
v.
HUNT.

tution, confines the jurisdiction of this court exclusively to questions of law ; and, on the reasoning of the Court of Appeals, the decisions of the Supreme Court of the United States would be applicable to the question of jurisdiction of this court.

*Judgment affirmed.*