## No. 9645.

### THE STATE OF LOUISIANA VS. SOLOMON WILLIAMS.

The disqualification of a juryman for the reason that he is a convicted felon cannot be taken
advantage of in a motion in arrest of judgment. It is assimilated to the disqualification
of alienage and non-residence and objection must be made before conviction.

A new trial is not grantable because of newly-discovered evidence, the sole object of which
is to impeach the veracity of the leading witness for the State, nor on the ground that a
witness for the State has made statements since the trial at variance with his testimony
upon it, especially when the lower judge holds that other testimony warranted the con-
viction, or does not believe the newly-discovered witnesses.

The greatest reliance is placed on the trial judges in refusing new trials in criminal causes,
and it would be an unwise restriction to hold that they shall not take into account their
belief that false-swearing has been resorted to in order to break a conviction and obtain
a new trial.

APPEAL from the Thirteenth District Court, Parish of St. Landry.
Hudspeth, J.

*M. J. Cunningham,* Attorney General, for the State, Appellee.

*W. C. Perrault* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. From a judgment upon a conviction of murder with-
out capital punishment the defendant appeals.

The jury-panel having been exhausted, talesmen were summoned among whom was one Claviè who sat as a juryman. After the verdict was rendered the prisoner moved "to annul and set it aside," or as the motion should have been termed, moved in arrest of judgment, on the ground that Claviè was a convicted felon, having been sentenced in 1883 to six months confinement in the parish jail upon conviction of a criminal offence.

Without discussing the question whether a sentence of imprisonment in a jail for the commission of a criminal offence entails the loss of a freeman's privilege, we think the objection to the juryman should have been made before conviction. This disqualification or incompetency is assimilated to that arising from alienage or non-residence and must be pleaded in time. An accused is not permitted to wait until after conviction to make the objection that a petit juryman is personally disqualified. State vs. McGee, 36 Ann. 206, where the subject is discussed at length.

The motion for a new trial is upon the ground of newly-discovered evidence in this;—that the prosecutor, a brother of the man who was killed, has voluntarily admitted to Moses Cain and George O'Neal that the prisoner and the deceased were good friends up to the moment of the homicide and that the death of his brother was caused by the accidental discharge of the pistol, etc.,—that this prosecutor while on the stand as a witness was questioned "in order to elicit answers in accordance with the above statements but the witness denied them and swore directly contrary to their admissions." In other words the newly-discovered evidence impeaches the credibility of one of the witnesses for the State.

A new trial is not grantable because of newly-discovered evidence, the sole object of which is to impeach the veracity of the leading witness for the State. State v. Fahey, 35 Ann. 9; State v. Diskin, *Idem*, 46.

Nor will a new trial be granted on the ground that a witness for the State has made unsworn statements since the trial at variance with his testimony on the trial, and especially when the lower judge holds that other testimony on the trial warranted the conviction, or does not believe the new witnesses. State v. Johnson, 30 Ann. 305.

The affidavit of the prisoner is supported by that of the two newly-discovered witnesses and one of the reasons assigned by the judge for overruling the motion is that he did not believe them. We have before said that applications for new trials such as this must be received with great caution and that the inducements to false swearing are very great. State v. Washington, 36 Ann. 341. The greatest reliance is placed on

the trial-judges in refusing new trials in criminal causes, and it would not be a wise restriction to hold that they should not take into account their belief that false-swearing was resorted to in order to break a conviction and obtain a new trial.

The affidavit contains the allegation that with all possible diligence the defendant could not procure the evidence before the trial, and yet on the trial, as his motion recites, he sought to elicit from the witness admissions such as he now alleges he can prove were made. This shews the sole object of the new evidence is to discredit the State's witness, and as we have already said a new trial is properly refused when that is the case.

Judgment affirmed.