O’NIELL, J.
The defendant was indicted .and tried for the crime of manslaughter, and on conviction was sentenced to imprisonment at hard labor in the state penitentiary for the term of five years. On appeal from this verdict and sentence, he presents four bills of exception for our consideration.
[1] Bill of exceptions No. 1 was reserved to the ruling of the trial judge, permitting the state to offer evidence tending to prove the guilt of the accused without having first proven the death of the alleged victim and the cause of his death. From the statements in the various bills of exception,- it appears that the victim of this tragedy, a boy named Shang Garner, was shoved out of the window of a dance hall, fell about 18 feet to the ground, was instantly paralyzed, and died four or five days afterwards as a result of his injuries. On the trial, the defendant objected to the introduction of evidence to prove that he had willfully shoved the boy through the window, because the state had not yet proven by a physician that the boy had died as a result of his fall.
This question, whether the state must first prove the corpus delicti before offering evidence to connect the party accused with the crime charged, was considered and discussed very fully by this court in the case of State v. Gebbia et al., 121 La. 1083, 47 South. 32, and was decided adversely to the defendants who had been convicted of murder.
Although a jury cannot legally convict a person of murder or manslaughter without having proof beyond reasonable doubt that death resulted from a wrongful act, and although it may be better practice for the state’s attorney to first prove these essential elements of the crime before offering evidence of the guilt of the party accused, nevertheless, the law does not require proof *628 of the corpus delicti as a condition precedent to the introduction of evidence to connect the party accused with the crime charged. In, this, as in other cases, the order of proof is within the discretion of the trial judge. We find no error in his ruling.
Bill of exceptions No. 2 was reserved to the judge’s adjournment of court five minutes before the usual hour of adjournment in order to permit the district attorney to procure the attendance of a material witness for the state, a practicing physician, who was absent from court. The defendant’s objection to this was unreasonable, and his bill of exceptions is .without merit.
Bill of exceptions No. 3 was reserved to the refusal of the trial judge to grant a new trial. The motion for a new trial was made upon two grounds: First, that the verdict was contrary to the law and the evidence; and, second that the defendant had discovered new evidence after the verdict was rendered.
In support of this first proposition, it is said that the jury believed the testimony of only three witnesses for the state, contradicted by the accused and by seven other witnesses who testified in his behalf. The jurors are the sole judges of the credibility of the witnesses and of the effect of their testimony. The preponderance of proof — or proof beyond a reasonable doubt — does not depend upon the number of the witnesses who testified on the one side or the other.
[2] As to the second ground urged in the motion for a new trial, the defendant produced affidavits made by three newly discovered witnesses that they had heard a material witness who testified against the accused make contradictory statements out of court and express a prejudice against the defendant and a determination to convict him. These three newly discovered witnesses also made affidavits to the effect that Henry Garner, the father of the dead boy, had suborned another of the state’s material witnesses. The defendant also alleged that he would prove by another newly discovered witness that Ella Garner, a material witness for the state, the mother of the dead boy, had tried to bribe her (this newly discovered witness) to testify against the defendant.
[3] In the statement per curiam annexed to this bill of exceptions the district judge says he was satisfied that the alleged newly discovered' evidence was manufactured and was false, and that he had no reason to believe that the principal witnesses for the state had testified falsely or through prejudice. A trial judge may, in his discretion, take into account his own belief that false swearing has been resorted to by a convicted defendant in an effort to set aside the verdict and obtain a new trial. State v. Williams, 38 La. Ann. 361; State v. Hunt, 4 La. Ann. 438. Pretermitting the judge’s right and duty to use some discretion in this respect, we observe that the only purpose of the alleged newly discovered evidence was to impeach and discredit the testimony which had been given by some of the material witnesses for the state. As a general rule, the trial judge should not set aside a conviction and grant a new trial for the purpose of hearing newly discovered impeaching testimony. State v. Chambers, 43 La. Ann. 1108, 10 South. 247; State v. Fahey, 35 La. Ann. 9; State v. Diskin, 35 La. Ann. 46. We find no error in the judge’s refusal to grant the defendant a new trial.
Bill of exceptions No. 4 recites that, as soon as the judge had overruled the motion for a new trial, the defendant’s attorney requested that the judge postpone pronouncing the sentence “for an hour or so,” to permit him to prepare his bills of exception, and that the judge denied the request for a postponement of the sentence, but allowed the attorney four days in which to prepare his bills of exception. In his statement per curi *630 am, the judge says that the defendant’s attorney did not reserve a bill of exceptions to his refusal to postpone the sentence. Be this .as it may, the delays allowed from the time the verdict was rendered had passed; even then the judge allowed much more additional time than the defendant’s attorney requested for the preparation of his bills of exception; and therefore this bill of exceptions was frivolous.
For the reasons assigned, the verdict and sentence appealed from are affirmed.