O’NIELL, J.
The appellant was convicted of the crime of having sexual intercourse with an imbecile or idiotic woman, and was sentenced to imprisonment for five years in the penitentiary. The record contains three bills of exception.
The first bill was reserved to the ruling of .the trial judge permitting the district attorney to ask a juror, on the trial of a motion for a new trial, whether he had been influenced by the lack of comfort in the jury room in arriving at the verdict. The question was asked in the cross-examination of the juror after the defendant’s counsel had sought to prove by him that the uncomfortable condition of the jury room had caused the jury to agree upon a verdict to avoid *131 being locked up during a second night. The answer of the juror was that, although it •was cold and uncomfortable in the jury room, that condition had not had any effect with regard to the verdict. The judge says in his statement per curiam that, without the testimony objected to, the evidence admitted on the trial of the motion fully warranted his conclusion that there was no reason to annul the verdict; and, with the evidence before us, we reach the same conclusion. Hence the objection to the question propounded to the witness on the trial of the motion for a new trial cannot justify our setting aside the verdict, even if there was error in overruling the objection.
The second bill was reserved to the overruling of a motion for a new trial. The allegations of the motion were: First, that the verdict was contrary to the law and the evidence ; and, second, that the case was sub,mitted to the jury late in the afternoon, the jury was locked up all night in a very cold room, without bed covering of any kind, and-that the prospect of having to spend another cold and comfortless night in the jury room caused the jury to agree upon the verdict, which they would not otherwise have rendered, at about 5 o’clock on the following afternoon.
The allegation that the verdict was contrary to the law and the evidence does not present a .question of law for decision by this court, and it is disposed of by the statement of the trial judge that the verdict was in accordance with the evidence.
As to the second complaint, the evidence shows that the weather was cold, and the jurors were not quite comfortable during the night they spent in the jury room. But these conditions were not as bad as might be inferred from the allegations in the motion. And on the trial of the motion the defendant’s counsel admitted that bed coverings and pillows were provided for the jury in anticipation of a second night in the jury room, and that the jurors knew of this about two hours before they rendered their verdict. Hence it cannot be assumed that the verdict was agreed to through fear of spending another uncomfortable night in the jury room.
The third bill of exceptions was reserved to the overruling of a supplemental motion for a new trial, based upon alleged newly discovered evidence.
The record does not disclose a state of facts that would render the alleged newly discovered evidence material. It consisted of the testimony of a brother of the defendant that he had seen an idiotic brother of the victim of this crime have sexual intercourse with her about nine months before her baby was born. The record, however, does not show that only one man had carnal knowledge of her, or that the proffered testimony of the defendant’s brother would even cast a doubt upon the question of the defendant’s guilt. The alleged newly discovered witness attended the trial, and had had at least two interviews with the accused before the trial. Under such circumstances, the testimony which he proposed to give after the conviction was not to be regarded as newly discovered evidence, but was properly regarded with suspicion by the trial judge.
The verdict and sentence appealed from are affirmed.