No. 23,139

First Circuit Appeal

## J. POSEY CAMPBELL AND WIFE v. LEON S. HAAS

(June 30, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Automobiles—Par. 4; Pleading—Par. 62.**

A petition which states that the automobile of the plaintiffs was standing on the left side of the road with the headlights burning bright while its tire was being fixed, when the defendant negligently ran into it, thus, killing the plaintiff's daughter; states a cause of action, as it does not show the plaintiffs to have necessarily been negligent

**(Civil Code, Art. 2315.  Editor's note.)**

Appeal from the Sixteenth Judicial District Court, Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit brought by a man and his wife for the death of their daughter, as the result of an automobile accident. The defendants filed an exception no cause of action which was sustained and the suit dismissed. Plaintiffs appealed. Judgment reversed, the exception no cause of action overruled, and the case remanded to the lower court for further proceedings according to law.

White, Holloman and White, of Alexandria, attorney for plaintiffs, appellants.

Dubuisson, Perrault and Burleigh, of Opelousas, attorneys for defendant, appellee.

ELLIOTT, J.    J. Posey Campbell and Mrs. Henrietta Campbell, his wife, alleging that their daughter Miss Lucy Louise Campbell had lost her life as the result of the gross fault and negligence of the defendant Leon S. Haas, claims of him damages on said account to the amount of $25,000.00.

Defendant excepted to plaintiffs' petition on the ground that it set forth no cause of action.

The exception was sustained and the suit dismissed.

The plaintiff appealed.

The plaintiffs allege that Miss Meginley invited their daughter to go riding with her; that their daughter accepted her invitation and went riding with her, as her companion and guest; that on their return toward the City of Opelousas, some half-mile or more outside of the city limits and about 8 or 8:30 p. m., on December 29, 1923, and near the residence of E. P. Smiley, the left rear tire on Miss Meginley's automobile was punctured, upon which Miss Meginley "drove her car in front of Mr. Smiley's residence, putting the left side of the car as close as possible to the ditch and called for assistance".

That the left side of the car was put as close to the ditch as possible, so that persons working on it would be on the side away from and out of danger from passing automobiles.

That the front and rear lights were left burning in order to show any passing vehicle that the car was standing on the extreme side of the road at the place where the repairs were being made; that the road at this place is about twenty-five feet wide and gravelled; that the car was within two feet of the ditch "on the left hand side" of the road facing Opelousas; the right side of the car within seven feet of the ditch, leaving about eighteen feet of clear road between the car and the ditch on the opposite side of the road; more than sufficient room for two cars to pass abreast between the car and the ditch on the opposite side of the road.

That the road at the place where the car was standing is straight for a long distance both ways; the straight road toward Opelousas from the place where the car was

standing being approximately or nearly a quarter of a mile, at which distance the road makes a slight bend.

That one driving from Opelousas would have seen the rays from the headlights on the car before rounding the curve above referred to, and the car itself would come into view before rounding the curve.

That the "automobile was under the sole control and care of · Miss Meginley, the driver"; that while Mr. Smiley was engaged in removing the punctured tire and putting on another in its place, their daughter in the rear of the car, defendant, without warning bore down upon them with gross and wanton carelessness, indifference and negligence from the direction of Opelousas, at a reckless, highly excessive and dangerous speed, as high or exceeding sixty miles an hour, covering as much as eighty feet of ground per second and "before anyone could move from one's tracks" swerving somewhat to the right, crashed into Miss Meginley's car with terrible force; the blow propelling it down the road against their daughter, striking and knocking her down, injuring her so that she died as a result of the blow.

That said Haas knew the road was used by. a great many automobiles and other vehicles and that it was the grossest negligence for him to be driving at such a rate of speed,. without a proper lookout and watch upon the road before him, and without having his car under control, so that he could stop it. and avoid striking Miss Meginley's car: that his gross and inexcusable negligence in striking Miss Meginley's car was solely responsible for the death of their daughter resulting therefrom.

Defendant states in his brief: "At the outset we may as well state that we do not contend that the petition fails · to state facts which, if true, would convict defendant ·of. negligence. What we do contend is that the petition. does show a condition of things

which demonstrates that Miss Campbell's own negligence .contributed as a proximate cause to her injuries and death, and that this fact debars plaintiffs from a right to recover, "and argue that as plaintiffs' petition alleges that their daughter was in the rear of Miss Meginley's car, stopped on the left hand side of the road .with front lights burning, and near enough to be struck by it as a result of defendant's propelling blow against it, that it appears therefrom that their daughter was guilty of negligence which contributed in a proximate way to her injury; with the result that the petition discloses no cause of action.

The allegation that the automobile in which their daughter went riding "was under the sole control of Miss Meginley, the driver," negatives the idea that Miss Campbell was in any way responsible for the position of the Meginley car. · When Miss Campbell got out of it and into the road, she ceased to be Miss Meginley's riding guest, and occupied the same position as any person on foot in the road.

Defendant contends that Miss Campbell, by being in the rear of the Meginley car while a tire was being changed was negligent. The law required her, after getting in the road, to exercise due ·care and prudence of her safety, and the rights of others; but there is no law of the road or customs that required her to take herself out of the road or over to the righthand side of it. Therefore negligence is not, as a matter of law to be imputed to her simply because she remained on the lefthand side of the road and in the rear of the Meginley car while a tire .was being changed.

It is contended that it results from her alleged position in the rear ·of: the Meginley car that she could ·not see "defendant's approaching car, but that is not more· evident than that she saw it approaching and

supposed that it was being driven at a rate of speed and under such control that the driver must see the Meginley car in time to stop or turn to the left of it in the ample leeway left for the purpose, and avoid striking it.

All the facts and circumstances bearing on the matter should be before the court in order that the question of "fault" "negligence" "imprudence" or want of skill may" be property determined.

Contributory negligence can, of course, appear on the face of a petition; but plaintiffs' petition does not present such a situation.

Contributory negligence as a rule is a defense on the merits and must be plead and proved accordingly.

In Southall vs. Smith, 151 La. 967, 92 South. 402, an automobile had stopped in the street—Southall got out to examine it and while so engaged Smith ran into him, striking his automobile and injuring Southall. The Supreme Court speaking of Smith says:

"An automobile driver can not put himself in a position where, in order to save himself, he must run into somebody else and then plead that he can not help it and therefore is not liable. Defendant was familiar with the situation as he approached this corner; he was aware that a car might suddenly appear around the corner, as he says one did. At this corner was a large barn which cut off from sight any automobile or other vehicle about to come into Middle street from that direction. This impossibility of knowing whether a car was or was not approaching from that direction, and might not suddenly appear, as defendant says one did, made it necessary for defendant to be doubly careful."

The court then quotes part of Ruling Case Law, Vol. 2, p. 1184. We will quote the entire section:

"Anticipation of the presence of others: It is part of the duty of an operator of a motor vehicle to keep his machine always under control, so as to avoid collisions with pedestrians and others using the highway. He has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate and expect the presence of others. Accordingly, the fact that he did not know that anyone was on the highway is no excuse for conduct that would have amounted to recklessness if he had known that another vehicle or person was approaching.

"Drivers of motor vehicles must be especially watchful in anticipation of the presence of others at places where other vehicles are constantly passing, and where men, women and children are liable to be crossing corners at intersections of streets or near street cars from which passengers may have alighted, or may be about to alight, or in other similar places or situations where people are likely to fail to observe an approaching automobile. Accordingly, it is the duty of drivers of automobiles, when he has occasion to turn the corner of a street, to slow down the machine in anticipation of the presence of persons in the highway at street crossings, and if a person is standing on the highway a driver must notice him and take care not to injure him, and a failure to see a pedestrian in the street may amount to negligence.

"When a car is traveling silently on the wrong side of the road, close to the curb, the person in control of the car should be observant of pedestrians who are traveling on the sidewalk, and who may step into the street in front of the car. The duty to anticipate the presence of others applies to private lanes which are open to the public, and reasonable care must be taken in operating in such lane, not to injure a person who as a mere licensee may be driving a horse and carriage through the lane or a short cut between highways.

"It is negligence to drive into a vehicle while it is standing still on the side of the roadway, when there is room to pass without colliding with it. If there is not room to pass it is the duty of the driver of the approaching vehicle to stop and call out to the driver of the other vehicle to move out of the way." Odom vs. Schmidt 52 La. Ann. 2129, 28 South. 350.

"He should proceed slowly and cautiously and at first appearance of danger he should take proper steps to avoid it, and if necessary to stop his machine and even the motor when it is necessary and practicable. He will be presumed, in case of accident, to have seen what he should have

seen in the performance of his duty. Kelly vs. Schmidt & Ziegler, 142 La. 91, 76 South. 250, and see Blackburn vs. Louisiana Ry. & Nav. Co., 144 La. 520, 80 South, 708; State vs. Vige, 137 La. 131, 68 South. 383, cited by plaintiffs:

" 'And every person operating a motor vehicle on any highway or road in this State shall run it at a rate of speed at no time greater than is reasonably proper, having regard to the traffic and the use of the highway or road and the safety of the public.' " Act 1921, No. 120, Sec. 19.

The case Bragdon vs. Kellog, 6 L. R. A., 669, cited by defendant was not decided on a question of no cause of action. The exception of no cause of action should have been overruled.

For the above reasons the judgment appealed from is annulled, avoided and set aside. The exception of no cause of action is overruled and the case remanded to the lower court for further proceedings, as required by law. The defendant to pay the cost of his exception in both courts and the cost of the appeal.

---

## DISSENTING OPINION.

LECHE, J. I do not believe, under the facts stated in the petition, that defendant was at fault.

When defendant rounded the curve alleged to be about a quarter of a mile ahead of the Ford, and saw two glaring headlights on the road, it was only reasonable and logical for him to assume that the automobile with full lights on, was coming towards him. It is impossible, at night, for the occupants of a rapidly moving automobile, on seeing ahead two headlights glaring at full strength and focussed upon them, to know or to realize that the automobile to which they are attached, is standing still, the presumption is irresistible that such an automobile is moving, otherwise why should it have full lights on? This being conceded, defendant was then bound under the custom, which is the rule

of the road, to meet such a car on the right. But when he got near enough to ascertain that the Ford was stopped on the left side of the road, it was too late for him to avoid it and hence the collision.