(129 So. 633)
**STATE v. JOHNSON et al.**
No. 30690.

July 2, 1930.

A. J. Hollander, of New Orleans (C. C. Luzenberg, Sr., of New Orleans, of counsel), for appellant Pollet.

Percy Saint, Atty. Gen., Eugene Stanley, Dist. Atty., and C. C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

ROGERS, J.

Elvin Johnson and Rudolph Pollet were jointly charged with the robbery of Carmelo Georgio on January 25, 1930. Both defendants were convicted of the charge, and each was sentenced to a term of nine and one-half to fourteen years in the penitentiary. The defendant Pollet has appealed, but the defendant Johnson has not.

Appellant's sole · complaint on appeal is against the ruling of the trial judge denying his motions (original and supplemental) for a new trial on the ground of newly discovered evidence, which appellant claims tends to establish his innocence of the crime charged. The alleged newly discovered evidence, as shown by appellant's motions, consisted, first, of a confession made to appellant by Johnson, his codefendant, after the rendition of the verdict of the jury, that Johnson had actually committed the crime, and that the person who was with him at the time was one G. Fox and not the appellant; and, secondly, of certain other evidence corroborative of the evidence offered by appellant in support of the alibi which he had set up on the trial of the case.

[1] Appellant produced four witnesses in addition to himself who testified on the application for a new trial. The testimony of two of these witnesses, namely, Miss Caroline May Rodriguez and F. M. Rodriguez, related solely to appellant's alleged alibi. These witnesses are the children of Mrs. John Rodriguez, who was one of the witnesses that testified to the alibi on behalf of the appellant. The evidence of the Rodriguez children, as shown by the record, was merely cumulative and corroborative of the evidence offered by appellant on the trial of the case in support of his alibi. Hence the discovery of this evidence does not entitle appellant to a new trial.

The witnesses who, in addition to the Rodriguez children, testified on the application for a new trial, were Elvin Johnson, appellant's codefendant, a Mrs. Marie Flebbe, and appellant himself. Johnson testified, substantially, that he committed the crime for which he and the appellant were convicted; that appellant was innocent of the crime; that the person with him at the time was one G. Fox, who was staying at the Virginia Hotel; that he did not previously tell appellant that he had committed the crime and that Fox was

with him at the time, because he was satisfied the appellant could not possibly be convicted. Mrs. Flebbe testified, substantially, that she is the proprietress of the Virginia Hotel, at No. 535 Carondelet street, in the city of New Orleans; that, as shown by the hotel register, a man by the name of G. Fox stayed at her hotel for the period between January 8 and March 5, 1930; that Fox resembled the appellant, except that his hair was darker and his face was thinner, and, to quote her language, "it looked like they were related to each other." Appellant, testifying in his own behalf, declared that he was innocent of the crime for which he was convicted with Johnson, and that he only heard that Johnson was guilty of the crime the day after their conviction, when Johnson for the first time gave him the information.

While the trial judge did not so state in words, nevertheless, from his action in denying appellant's motion for a new trial, it is plain that he did not believe appellant had exercised due diligence or that he did not believe appellant's witnesses, or both.

Applications for new trials on the ground of newly discovered evidence must be received with great caution, since the inducements to false swearing are very great. State v. Washington, 36 La. Ann. 341; State v. Williams, 38 La. Ann. 361. And this court will not interfere where it appears that the trial judge has satisfied himself by an examination of the witnesses that false swearing has been resorted to in order to obtain a new trial. State v. Hill, 135 La. 625, 65 So. 763; State v. Williams, supra; State v. Washington, supra; State v. Beaird, 34 La. Ann. 104; State v. Hunt, 4 La. Ann. 438. As was said in State v. Washington, supra: "There is also something else required than the mere statement that the accused did not know the existence of this testimony in time to have brought it forward. It must affirmatively appear that he could not have ascertained it by reasonable diligence."

The testimony offered by appellant in support of his application for a new trial appears to be weak and unsatisfactory, and as hardly likely to have changed the result of the jury's verdict. The story told by appellant and his codefendant, Johnson, is intrinsically improbable, considering the intimacy existing between them. No one, except his codefendant, knew better than appellant whether he participated with Johnson in committing the crime with which they were jointly charged and convicted. If some person other than appellant participated with Johnson in the commission of the crime, nothing would have been more natural than that he would have interrogated Johnson, and ascertained that fact, using Johnson as a witness in his behalf. This could have been done by appellant's timely applying for, and obtaining, a severance.

We find no error in the ruling of the trial judge denying appellant's application for a new trial.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., dissents.

(129 So. 634)
**TOWN OF SPRINGHILL v. MURPHY.**
No. 30736.

July 2, 1930.