HIGGINS, Justice.
 

 The defendant was indicted on February 28, 1934, under Act No. 44 of 1890, for cutting with a dangerous weapon, a knife, with intent to kill. On March 5, 1934, he was convicted of the offense and on March 12, 1934, sentenced to the State Penitentiary for a period of not less than one year nor more than eighteen months. He then appealed.
 

 The defendant pleaded ’ self-defense, but during the course of the trial did not reserve any bill of exception. After being convicted, but before being sentenced, he filed a motion for a new trial based upon several grounds. The trial judge issued a rule to show cause why a new trial should not be granted and, on the hearing thereof, decided against the defendant on all points urged in the motion. Defendant in each instance reserved a bill of exception.
 

 The first bill of exception is based on the ground that, after having exhausted all of his peremptory challenges, defendant was forced to accept a juror who was biased and prejudiced against him because of a previous misunderstanding. The record shows that the juror after being examined on his voir dire was never challenged by the defendant for cause, but was accepted by him with full knowledge of the fact that there had been some previous unpleasantness between them. Having failed to challenge the juror for cause and consequently no bill of exception having been reserved, this matter cannot be reviewed on a motion for a new trial.
 

 Bills of exceptions Nos. 2 and 3 relate to the ruling of the trial court to the effect that alleged newly discovered evidence tending to show the dangerous character of the prosecuting witness would not be admissible in evidence in the event a new trial was granted, because no overt act on the part of the prosecuting witness was shown before or at the time of the attack. The record shows that during the trial of the case an attempt was made to introduce similar evidence by other witnesses, but the trial court ruled that no overt act on the part of the prosecuting witness had been shown and-, therefore, the proposed testimony was inadmissible. A bill of exception was not reserved.
 

 The district judge having concluded that a proper foundation had not been laid for the purpose of introducing such evidence and a bill of exception not having been reserved, it is obvious that defendant has no right to have the matter reviewed on a motion for a new trial.
 

 Furthermore, it is clear that these bills of exceptions are without merit because in the case of State v. Richardson, 175 La. 823, 144 So. 587, this court held that in a homicide prosecution where the defendant interposed a plea of self-defense, evidence of the dangerous character of the deceased is inadmissible until the defendant has proved to the judge’s satisfaction that the deceased first made a hostile demonstration. See, also, State v. Poole, 156 La. 434, 100 So. 613.
 

 Bills of exceptions Nos. 4, 5, and 6 raise the legal questions presented in bills
 
 *784
 
 Nos. 2 and 3, with this difference, that the witness 'who offered to testify concerning alleged newly discovered evidence as to the dangerous character of the prosecuting witness testified in the trial of the case. In his per curiam in connection with these bills, the trial eoui-t points out that this testimony could not he considered newly discovered evidence and, consequently, could not form the basis of a new trial, since the witness had testified in the original trial. If tl^e alleged newly discovered evidence as to the dangerous character ,of the prosecuting witness could not be introduced in evidence in the original trial of the case because the trial judge was satisfied that the defendant was the aggressor and that the' prosecuting witness had made no hostile demonstration at the time of the difficulty, this alleged newly discovered evidence cannot form the basis of a motion for a new trial. State v. Vige, 137 La. 130, 68 So. 383; State v. Champagne, 160 La. 47, 106 So. 670; State v. Johnson, 170 La. 1050, 129 So. 633.
 

 Bill of exception No. 7 covers the six' preceding exceptions, with these added points: (1) That the accused was not allowed sufficient time to prepare for trial; and (2) that the evidence was insufficient to establish one of the essential elements of the crime, to wit, intent to hill.
 

 With reference to the first complaint, it is sufficient to say that when the accused was called for trial, his counsel made no objection and did not request a continuance but announced himself ready.
 

 The second ground involves a question of fact, and the jury and the trial court having. been satisfied as to the sufficiency of the evidence to prove intent to kill, the matter cannot be reviewed by us, since it does not present a question of law.
 

 Eor the reasons assigned, the verdict and sentence are affirmed.
 

 O’NIELL, C. J., concurs in the result and hands down reasons.