The opinion of the court was delivered by
Nicholls, C. J.
The defendant, Richard Boswell, indicted for the murder of his wife, was tried by a jury, foung guilty as charged and sentenced to be hung. He has appealed.
He urges that during the trial of the ease and after the testimony of the defendant for the defendant, except for the right reserved to introduce rebuttal evidence was closed, the judge a quo improperly refused to permit the defendant to rebut certain evidence subsequently introduced by the State, which he claims to have been new evidence. He further urges that the court erred in overruling his motion for a new trial based upon the charge that the sheriff entered the jury room when the jury was deliberating upon a verdict in this case and called Juror Betz, who was in favor of a verdict of guilty without capital punishment, aside to a window out of the hearing of the other jurors and held an earnest conversation with said juror, which said juror immediately returned to the other jurors and voted and urged thereafter an unqualified verdict against defendant.
We will dispose of this last complaint by saying that every allegation made in the motion and every inference to be drawn from the same was affirmatively disproved by the testimony taken with the exception of that which stated that the sheriff who had the jury in charge had a conversation with the juror Betz.
The district judge correctly overruled the motion.
In signing the bill of exceptions which the counsel of accused reserved to his refusal to admit the testimony offered for the defence, the judge states the facts upon which his ruling was predicated, as follows:
*1160 “The accused was charged with the crime of murdering his wife. The State opened the case by introducing evidence to show accused’s guilt. The accused was placed on the stand as a witness in his own behalf. He admitted the killing, but claimed it was an accident, the pistol going off accidentally, and only one shot was fired, which fatally wounded his wife. He testified that after his pistol went off he went to the front gate and threw the pistol away in a certain direction. He said he told his attorney about four days before his trial the direction he had thrown his pistol. His attorney, Mr. Brunot, with three other witnesses, testified that they had gone to the place designated by accused and found a pistol with one chamber empty. The pistol was exhibited to the jury, was identified by the accused as the one he shot his wife with, and it was shown that the pistol had been exposed to the dew, rain and sun for over four weeks before it had been found by Mr. Brunot and the three witnesses. The State then introduced witnesses to show that the accused after he had shot his wife placed the pistol with which he did the shooting on a table; that the pistol showed two chambers discharged. Alec Johnson swore he had taken the pistol from the table in accused’s room and produced it before the jury, identifying it as aforesaid. There were a number of witnesses who corroboated the evidence of Johnson. After the State had closed in rebuttal, attorney for accused insisted on producing witnesses in rebuttal, which was objected to by the State, and the objection sustained.”
The recitals of the bill of exception, as made by the accused, were as follows: During the trial of the cause and after the testimony for the defendant, except for the right reserved to introduce rebuttal evidence, was closed, the State’s attorney offered a pistol in evidence, and proved by witness Aleck Franklin that said witness secured possession of said pistol at the house of defendant some days subsequent to the shooting with which defendant is charged, and that said witness had preserved said pistol to be produced and used'On the trial as evidence. Said State’s attorney also recalled witnesses Fannie Coleman, Chatty Taylor and Joe Johnson and proved by said witnesses that the said pistol, introduced at the time and as aforesaid, was lying upon a table near the bedside of deceased with two chambers of said pistol discharged when the said witnesses entered the room where deceased lay, shortly after the *1161 shooting occurred, and that said pistol remained upon said table in open view for two or three days thereafter. The State’s attorney also proved by witness Fannie Ooleman that defendant admitted to said witness, when defendant’s attention was called by said witness to said pistol on the morning after the shooting charged, that the said pistol was the weapon used by defendant, by said accused saying to said witness, “I don’t want anything to do with it; it has done enough already.” Neither this pistol nor this alleged admission, nor the testimony touching these matters, had been alluded to either directly or indirectly on the trial of the case prior to the announcement by counsel for the defence that the testimony for the defence was closed, except for rebuttal.
That said testimony uncontradicted and would do the defendant irreparable injury. That the said pistol and admission were new evidence introduced by the State upon a recall of the State’s witnesses above named, and after the examination in chief for both the State and defendant had closed. Whereupon defendant offered witnesses to rebut the new evidence introduced a? aforesaid, and was permitted to swear and interrogate one witness, Vick Williams, who testified that he was in the room and at the bedside of deceased early on the morning succeeding the night of the shooting, when the physician summoned to attend deceased first arrived. That witness arranged the physician’s instruments on the table whereon the aforesaid witness testified the said witness was lying. That there was no pistol on said table or in said room. Defendant then offered eleven witnesses to corroborate said witness and to prove that no-pistol was upon the table at the time stated or at any time subsequent to the shooting with which defendant is charged, and to prove-the defendant made no admission as testified by witness FannieOoleman to said witness or to any person. That the district attorney objected to the admission of this testimony, alleging that it was in the nature of sur-rebuttal evidence and not admissible under the law, which objection the court sustained by ruling that defendant’s offering was inadmissible.
It will be seen from the above statements that the testimony offered by the State after the accused had closed his case was intror duced without objection from the defendant either as to its character or as to the time at which it was presented.
The only contention made was that having been introduced, the *1162 accused was entitled to rebut it, the claim being that it was new direct evidence in chief.
If in fact it was rebutting testimony, this court has held several times that parties were not entitled of right to introduce testimony for its rebuttal. State vs. Woods, 31 An. 267. State vs. Gonsoulin, 38 An. 459.
The district judge refers to that testimony as rebutting. The record itself is silent as to whether it was so specially offered or not, or whether the judge ordered it to be so restricted, but as the court mentions it as having been in rebuttal and there is nothing to show that the defence made any objection as having been offered for too broad a purpose or as being offered too late as direct evidence in chief, we must assume that it was tendered as in rebuttal. Whether it was really such is another question.
The fact that the testimony was elicited from witnesses of the State who had been once upon the stand and recalled — that it was upon new matters which might have been relevantly and properly introduced originally as part of the State’s evidence in chief, does not necessarily determine that question, as the accused seems to think.
It appears that after the State had closed its case upon evidence deemed sufficient by the district attorney, the accused took the stand in his own behalf, giving his account and version of the killing. He admitted the killing of his wife, but claimed that it was accidental.
He stated that the pistol with which she was shot had gone oil accidentally, and that only one shot — that which caused the fatal wound — was fired; that he had thrown this pistol outside of his gate at a certain place, and that he informed his counsel of that fact, and after a particular pistol was produced, with one chamber empty, he declared it to be the identical pistol to which he had referred. He then placed his counsel and several others upon the stand, who testified that they had gone to the place designated and found a pistol with one chamber empty.
A pistol with one chamber empty was exhibited as being that so found, and testimony was adduced to prove that it had been exposed to the weather for several weeks.
The accused considered the establishment of these particular facts necessary for the purpose of proving his innocence. When the defence closed its case the State deemed it important to disprove this *1163 testimony as far as it could, and offered and was permitted without objection, as has been stated, to introduce another pistol with two chambers empty and testimony to show that it was that pistol and not the one which had been previously exhibited from which the fatal shot was fired, as had been sworn to by the accused.
For the purpose of disproving the testimony of the accused on that subject the State, after producing the second pistol, introduced a number of witnesses to show at what place after the killing of the deceased it was first seen, how long it had remained there, when it had been taken from that place, and where it hadremained until produced ; and witnesses having testified to the fact that that pistol was seen on a table in the room of the accused shortly after the wounding, and that it had remained there several days, the State undertook to show (according to defendant’s statement of facts) by a particular witness that the accused had stated to him that he “did not want anything to do with it — it had done enough already.”
Á comparison of the testimony offered by the State with that offered by the accused will show that its object and purpose was simply to disprove the identity of the pistol which the accused produced as being that from which the shot was fired, as had been testified to. It was perfectly legitimate for that purpose, and no part of it was irrelevant to that issue or went beyond it. The very failure to object in any way to it shows that it was unobjectionable. Being strictly in the line of rebuttal, and not passing beyond rebutt xl, it must fall as to its contradiction under the rules governing testimony offered in rebuttal of rebutting testimony.
The fact that for the purpose of disproving the identity of the first pistol the State had shown by testimony a statement by the accused tending to show an acknowledgment by him of the ownership and identity of the second pistol does not affix to that testimony the character of new and direct “criminative” evidence in chief, and does not show an attempt at that late stage of the proceeding to offer against the accused a confession or admission tó prove his guilt. Its purpose was not to prove, but to disprove. If the accused feared that the jury would give to the rebutting evidence legally introduced an effect beyond its legitimate "scope, his remedy lay in asking from the judge special instructions to the jury on the subject, and not in departing from the rules governing the practice in relation to that kind of testimony.
*1164 We are of the opinion that the district judge in refusing to permit the accused to introduce testimony in rebuttal of the State’s rebutting testimony exercised a judicial discretion which we are not called upon to reverse.
For the reasons herein assigned the judgment appealed from is affirmed.