The opinion of the court was delivered by
Watkins, J.
The defendant appeals from a verdict convicting him of petty larceny, and sentence to imprisonment at hard labor in *902 the penitentiary for one year; relying solely upon che refusal of the trial judge to grant him a new trial.
The grounds of the motion are of the following tenor, viz.:
1. That the verdict of the jury is contrary to the law and evidence.
2. That during the progress of the tiial, the jury being under instructions from the court not to read any public or private communications, or documents, either written or printed, the foreman received from the hands of a deputy sheriff a sealed letter, which he opened and read in violation and disregard of such instructions, to his injury and prejudice.
3. That the judge erred in permitting testimony to be adduced as to the ownership of a hog belonging to Dr. C. W. Yarnado, after Dr. Varnado and another witness had testified on the part of the State, that the hog he (defendant) is alleged to have stolen was property jointly and equally owned between them in partnership. .
4. That the jury commissioners who drew the venire from which the panel which tried his case was drawn were not summoned in the form and manner required by law; and that some of them, by reason of said irregularity and their failure to receive due notification, were not present at the drawing of said jury at all.
5. That the grand jury who found and returned the bill of indictment against him was likewise thus irregularly drawn.
6. That J. N. Yarnado, one of the jury commissioners who was present and participated in the drawing of the said venire, was a nephew of Dr. G. W. Yarnado, the prosecuting witness against him (defendant), and took great interest in the prosecution against him.
7. That the jury separated during the trial.
8. That one of the jurors who tried the case' was related to the accused by affinity within the degree prohibited by law, notwithstanding he answered in the negative interrogatories propounded to him by counsel in the course of his examination upon his voir dire; and that the truth of the matter was not made known to him (defendant) until since the trial was closed, and verdict had been rendered.
9. That one of the jurors who was empaneled and participated in his trial and conviction was himself under indictment at the time, *903 and therefore incompetent to serve as a member of the aforesaid jury.
For the foregoing reasons defendant alleges himself entitled to a new trial of said cause. On the trial of the motion a number of witnesses were sworn, and their testimony was reduced to writing and it appears in the record; and in the course of said trial the defendant’s counsel retained seven bills of exception.
I..
With regard to the first one nothing need be said, as we have frequently held that this is not good ground for a new trial.
II.
With regard to this objection it is sufficient to say, that the testimony discloses that the letter referred to was wholly unimportant and had no reference to the case under consideration; and as the defendant was accused of a minor offence, this was a trifling and unimportant irregularity not prejudicially affecting his interest.
III.
In so far as the alleged error with regard to the judge having allowed certain objectionable testimony to go the jury is concerned, it. is sufficient answer to say that defendant’s counsel should have interposed timely objection at the trial of the merits, it is too late to raise the objection, for the first time, upon a motion for a new trial.
IV,V and VI.
We can not perceive that the venire was in any way prejudically affected by the fact that some of -the jury commissioners were not served with written summonses; and that one of them was not present and took no part in the proceedings. There were four out of five commissioners present and they participated in the selection of the venire; and it is presumably regular and was legally constituted.
The testimony fully satisfies' as that the jury commissioner, Varnado — of whose action the defendant complains — did not say anything to unduly or improperly influence his associates in placing upon the venire persons who were inimical to the interest of the defendant. This jury commissioner and his nephew, who was on the *904 petit jury who convicted the accused, were both interrogated as witnesses on the trial of the defendant’s motion for a new trial, and their testimony completely exonerates them from any improper action or influence against the accused.
In our opinion this case does not present the same issue as that raised and decided in State vs. Duncan, 47 An. 1025.
VII.
It is of no consequence that the jury should, in a case of this sort, have been permitted to separate under the instructions of the judge.
VIII.
The contention of the defendant, that one of the jurors who assisted in the trial and participated in his conviction was disqualified by reason of the fact that he was at the time under indictment before the same court for the commission of two different offences, ought to have been urged at the trial, and comes too late, it being for the first time urged upon a motion for a new trial.
It appears from the testimony adduced upon the trial of the motion that two indictments against the juror in question were on file in the clerk’s office of the parish of Washington, wherein the defendant was being prosecuted, and that this information was easily attainable.
It further appears that one of the defendant’s attorneys in this case was one of the attorneys for the defendant in the two cases mentioned and relied upon.
Upon this state of facts it was the plain duty of the counsel for the accused to have procured and adduced this evidence on the trial of the merits; and to have predicated thereon an objection to the aforesaid juror on the ground of his disqualification.
The objection is out of time.
IX.
The testimony fails to support the defendant’s contention that one of the jurors who tried the case was related to him by affinity within the degree prohibited by statute; on the contrary, it discloses that the juror in question was remotely related to the wife of the accused, but not to the accused him self.
The foregoing are all the grounds that are enumerated in the *905 defendant’s motion, and a careful consideration of them has con-' vinced us that they are without merit.
The seven bills of exception which defendant’s counsel, ex industria, retained to rulings of the trial judge during the progress of the trial of his motion for new trial appear to be technical and of similar tenor; and as they are germane to the several grounds of the motion which we have examined and^ disposed of, they must share the same fate.
Judgment affirmed.