State vs. Bailey.

---

No. 12,750.

### STATE OF LOUISIANA VS. WILLIAM BAILEY.

Where a juror on cross-examination on his *voir dire* shows a slight inclination to bias against the accused, but on final examination by the court says emphatically that the impression derived from the merest hearsay statements will not influence him; he is competent; besides the accused did not exhaust his challenges and his case in consequence was not prejudiced by the ruling.

This court will not review the refusal to grant a new trial upon the alleged want of sufficient evidence to convict.

The jury returned a verdict under the direction of the court *a qua*. Nothing of record brings to light that the jury, as asserted, disregarded the charge of the judge and brought a verdict contrary to the charge. The question of resistance which the alleged victim should have offered, as well as question of corroboration of the prosecuting witness and asserted victim, were questions of fact for the jury finally to determine and are not revisable on appeal.

Merely cumulative evidence, or evidence to impeach a witness alleged to have been recently discovered, is not ground for a new trial.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker, J.*

*M. J. Cunningham*, Attorney General, and *R. H. Marr*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*Paul L. Fourchy* for Defendant, Appellant.

Submitted on briefs April 23, 1898.

Opinion handed down May 16, 1898.

The opinion of the court was delivered by

BREAUX, J.  An indictment was found against the defendant on the thirteenth day of October, 1897, charging him with having committed the crime of rape on the first day of September, 1897.

He was put on his trial on the fourteenth day of January, 1898.

On the same day he was found guilty without capital punishment.

On the first of February he was sentenced to suffer imprisonment in the State penitentiary for life.

From the verdict and sentence he prosecutes this appeal.

He reserved two bills of exceptions.  The first bill of exceptions was taken to the court's refusal to sustain defendant's objection to a juror.

The facts are that on cross-examination by defendant's counsel, this juror evinced a slight inclination to some degree of bias against the accused, but he stated immediately after in answer to counsel that he was not prejudiced. He also stated to the trial judge on final examination that he could try the case as if he had never heard of it before.  It is not shown by the record that the defendant exhausted his peremptory challenges.

The second bill of exception was taken to the court's refusal to grant defendant's motion for a new trial.

The grounds of the motion substantially were:

1. That the State had not established that the crime charged had been committed.

2. That while the court's instruction was correct with reference to the acts constituting rape, the jury's verdict did not conform with the instruction given.

3. That the complaining witness had not offered the resistance expected of a healthy young woman assailed as charged.

4. That she was not corroborated in any manner.

5. That the accused testified in his own behalf and denied the crime charged, to which fact the jury had not given consideration.

6. That he has since the trial discovered new evidence.

There was no oral argument made on the part of the defendant, and no brief filed.

Taking up the first proposition for our determination, as set forth in the first bill of exceptions taken: that the accused was forced to challenge peremptorily a juror tendered who was incompetent and prejudiced, we, on examination of the testimony on this point, made part of the bill of exceptions, found there was nothing fixed and determined in the opinion of the juror with reference to the guilt or innocence of the accused. The juror testified and made evident by his testimony that his impression was not an impression which would prevent him from rendering an impartial verdict.

Moreover, the defendant had not exhausted his challenge when the panel was filed. It does not, in consequence, appear that the ruling was prejudicial to the defendant, as the juror was peremptorily challenged by the accused and he had not exhausted his peremptory challenges.

Taking up in the second place the first proposition as set forth in the second bill of exceptions, that there was no proof of carnal knowledge against the (alleged victim's) woman's will. This presented a question of fact for the jury.

Their finding, under repeated adjudications, was conclusive.

In the second place the bill of exceptions sets forth that the jury chose to disregard the charge of the judge.

This also presented an issue of fact.

The judge instructed the jury properly, the defendant avers. The

jury, we must presume, properly weighed the facts. Their conclusions, in this respect, are not reviewable.

Manifestly, if the judge had entertained the idea that his charge was disregarded, he would have granted a new trial. We have no reason to find that the jury did not apply the law as explained by the court.

The third ground of the motion for a new trial covered by the bill of exceptions is equally as indefensible on appeal: the failure of proof of sufficient resistance on the part of the alleged victim.

The jury, to find the verdict, must have believed that there was sufficient resistance.

They had been properly instructed in this particular.

It was within the jury's function to finally determine this question. There was no error of law; it was a matter of fact only.

We pass to the next question, whether the asserted victim was corroborated.

From Rice on Evidence, Vol. III, p. 828, we quote: "It is said that the evidence of the complaint 'is confirmed if she presently discovered, the offence and made pursuit for the offender.'" We take it that in the opinion of the jury, and of the court, the evidence of complainant here was confirmed. Her evidence was admissible to prove the crime charged. A number of other witnesses appeared. The evidence disclosed that they testified relative to facts of a corroborative character. The jury were the judges of the weight to be given to this testimony. The question whether or not the crime had been proven was a question of fact for the jury. For reasons before stated, we will not stop to discuss the proposition, that the testimony of the plaintiff had been rebutted by the testimony of the defendant, but take up the last ground contained in the bill of exceptions, i. e., newly discovered evidence since the trial.

The grounds upon which this bill of exceptions was taken, if the defendant had grounds, are not stated. The affidavit annexed to the bill of exceptions of a witness sets forth evidence that would be in some respects cumulative, and in other respects its effect would be to impeach a witness.

Newly discovered evidence merely cumulative is not ground for a new trial. State vs. Hanks, 39 An. 234; State vs. Lamothe, 37 An. 43.

Newly discovered evidence the effect of which is to impeach the

credit of a witness is not ground for a new trial. State vs. Williams, 38 An. 361.

Motions for new trials are in a large measure left to the discretion of the trial court. The refusal will not be reversed in the absence of showing that the court abused its discretion.

It is ordered, adjudged and decreed that the sentence and judgment appealed from be and the same are hereby affirmed.