BRUNOT, J.
 

 The defendant was tried, convicted, and sentenced, as a second offender, for the crime of unlawfully possessing intoxicating liquor for sale for beverage purposes. Erom the verdict and sentence he has appealed.
 

 There are three bills of exception in the record.
 

 Bill No. 1 was reserved to the overruling of defendant’s objection to certain testimony offered by the state. The bill recites that the testimony was offered after defendant had closed his case; that it was not rebuttal testimony, and, as the evidence was material to the main issue, it should have been offered in chief. Ordinarily, it is no doubt the duty of the district attorney, in the interest of fairness to an accused, to present all of the evidence upon which he relies to establish the defendant’s guilt, before the latter is called on to disclose his defense. But this court said in State v. Fourchy, 51 La. Ann. 240, 25 So. 118:
 

 “It frequently happens * * * that such departure from the general rule has to be made
 
 *905
 
 from motives entirely foreign from any desire to obtain a conviction through
 
 finessing
 
 as to order of proof. It also not infrequently happens that counsel of accused erroneously conclude that evidence offered and received as rebuttal is not such in law and fact.”
 

 In State v. Boswell, 45 La. Ann. 1158, 14 So. 79, it is held that—
 

 “The fact that after the defendant had closed his case the state recalled some of its own witnesses and interrogated them as to matters which might have been relevantly and properly introduced originally as part of the state's evidence in chief, does not necessarily affix to that testimony the character of new and direct ‘cumulative’ evidence in chief.”
 

 Rebutting evidence is not merely evidence which contradicts a witness on the opposite side, but it is any evidence in denial of some affirmative fact which the answering party is endeavoring to prove.
 

 There are many definitions of “rebutting evidence” in the books, but the most accurate and concise we have found is given in C. J. vol. 22, p. 66, which is as follows:
 

 “Rebutting evidence is that which is given to explain, repel, counteract, or disprove facts given in evidence by the adverse party.”
 

 The bill of exceptions recites that the state placed the sheriff and one of his deputies upon the witness stand; that both testified that, during the absence of the defendant, they wen.t upon defendant’s premises and there found 24 quarts of whisky. Five quarts of whisky were found under defendant’s store and 19 quarts were found in a pig or duck pen in the back yard of defendant’s residence. It is alleged in the bill that after introducing the foregoing testimony the state rested its case. The district judge, in his per curiam to the bill, says that counsel for the state and the defendant disagree as to whether the testimony objected to was offered in chief or in rebuttal; but that he does not recall at what stage of the trial the testimony was admitted. Under these circumstances, it is proper to hold that the recital in the bill should be accepted as correct. The judge also says that he considered the testimony which was admitted over defendant’s objection as unimportant and that the verdict was based upon other testimony which, in his opinion, conclusively established the guilt of the defendant.
 

 In criminal cases this court’s jurisdiction is limited to reviewing questions of law alone. It is.therefore not concerned in the sufficiency of the evidence, except where no evidence at all is offered on the issue of guilt or innocence or where an injustice, patent on the face of the record, is done an accused.
 

 Conceding that the facts are correctly stated in the bill of exceptions, it appears that the defense was an alibi; and the testimony offered in support of it accounted for defendant’s presence elsewhere than on his premises from 5 o’clock of the evening preceding the discovery of the whisky to some hours thereafter, and, in addition to this, defendant’s son testified that he had purchased the whisky and placed it on the premises of his father without the knowledge or consent of the latter. The testimony which was admitted over defendant’s objection was given by two witnesses, who, about 6 o’clock of the evening preceding the discovery of the whisky, sent a boy to defendant’s store to buy a quart of whisky. They testified that, from a distance, they saw a person, who resembled defendant, go under the back of his store, and when he came out he delivered a quart jar of whisky to the boy. This evidence tended to rebut the testimony offered by defendant which accounted for his whereabouts at that hour, and to also rebut the testimony of defendant that he was unaware of the existence of whisky on his premises. We think the testimony comes clearly within the quoted definition of rebuttal evidence. It must be remembered that the prosecuting officer, in many instances, is ignorant of the peculiar lines or special grounds of defense
 
 *907
 
 that may be urged. . He cannot anticipate them, but must await their development and then disprove them if he can. This is especially true when an alibi is set up, and it does not follow that because in the counter attack the evidence offered has a tendency to strengthen the state’s case, the testimony is any the less rebuttal testimony.
 

 Bill No. 2 was reserved to the overruling of a motion for a new trial.
 

 The motion is based upon five grounds. The first alleges that the judgment is contrary to the law and evidence. This court has repeatedly held that, standing alone, there is no merit in this contention.
 

 The second is a repetition of the ground upon which bill No. 1 was reserved, and which we have disposed of in our consideration of that bill.
 

 The third alleges that defendant is not charged with the violation of any law known to the state of Louisiana. Counsel does not urge this ground in his brief, and he seems to have abandoned it, probably because this court has recently held otherwise. We have, however, scrutinized the information and the statute, and we find that the information alleges the offense in the language of the statute. This is all that is required.
 

 The fourth and fifth grounds are based upon newly discovered evidence, and the affidavits of Miss Brewster and J. B. Crumpton are attached to the motion. From these affidavits it appears that the testimony the witnesses would give would be merely cumulative. Moreover, the testimony J. B. Crumpton would give is not newly discovered evidence. He says in his affidavit that he saw defendant some time during the month of August, 1924, and told him of the facts within his knowledge, and the minutes of court show that the defendant was tried on September 25, 1924, or about a month after the facts within the affiant’s knowledge had been communicated to defendant.
 

 Motions for new trial rest within the exercise of the sound judicial discretion of the trial judge, and, except in clear eases of abuse of discretion or 'prejudicial error, appellate courts will not disturb the ruling. State v. Major, 38 La. Ann. 642; State v. Venables, 40 La. Ann. 215, 3 So. 727; State v. Beck, 41 La. Ann. 584, 6 So. 431; State v. Vallery, 47 La. Ann. 182, 16 So. 745, 49 Am. St. Rep. 363; State v. Magee, 48 La. Ann. 901, 19 So. 933; State v. Bailey, 50 La. Ann. 533, 23 So. 603; State v. Benjamin, 105 La. 501, 29 So. 969; State v. Moxey, 107 La. 799, 32 So. 206; State v. Pastor, 111 La. 717, 35 So. 839; State v. Jones, 112 La. 980, 36 So. 825; State v. Brannon, 133 La. 1027, 63 So. 507; State v. George, 134 La. 861, 64 So. 800.
 

 Bill No. 3 was reserved to the overruling of a motion in arrest of judgment. It is recited in the bill that the motion in arrest of judgment is attached thereto. The motion is not attached to the bill, nor does__it appear elsewhere in the record. Counsel for defendant did not mention it in his argument, and it is not referred to in his brief. We must therefore assume that it is abandoned.
 

 Finding no error in the rulings of the district judge, the verdict and sentence are .affirmed.
 

 O’NIELL, C. J., concurs in the result.