SUMMERS, Justice.
We granted writs to review a trial court ruling suppressing a package of marijuana seized from the purse of the defendant. The incident which gave rise to the ruling complained of occurred in the city of Baton Rouge on January 12, 1969 in the apartment of Samuel Dansky at 11744 Robin Hood Drive.
Lieutenant Coleman Vidrine of the State Police, Captain Bryan Cammons, Jr., of the Sheriff’s Office, Officer Benjamin D. Gibbens of the District Attorney’s Office and other police officers staged a narcotics raid on the apartment of Samuel Dansky at about 9:45 o’clock in the evening. Dansky and his guests, the defendant Leigh Keller, Lynn Ourso and Pat Wettergren, were seated in the living room of the apartment at the time.
When the officers arrived, some of them entered the front door and proceeded with the search. Leigh Keller’s purse was on a table in the kitchen where Lieutenant Vidrine found it, opened it and saw a small plastic bag containing marijuana. He exhibited the plastic bag to Officer Gibbens, who had just entered the kitchen through the rear door. The bag of marijuana was then returned to the purse, and the purse was placed on the table. Immediately thereafter, Lieutenant Vidrine called Leigh • Keller into the kitchen and asked her if she had some sort of identification. She answered that she had no driver’s license, but that she had a college transcript which should serve the purpose. She then picked up her purse, opened it to get the transcript and handed the transcript to Lieutenant Vidrine, who took the purse from her, removed the bag of marijuana and confronted her with the circumstance that her actions amounted to an admission that the purse was hers. He also demanded that she explain possession of the marijuana. He placed her under arrest and she was removed to police headquarters for questioning.
Prior to trial, defense counsel filed a motion to suppress the marijuana, alleging that the evidence was seized without reasonable grounds, without probable cause and without a search warrant contrary to. the Fourth and Fourteenth Amendments of the Constitution of the United States. During the hearing on this motion, the facts we have narrated were established.
When the hearing was concluded the trial judge ordered the marijuana suppressed, basing his opinion upon the fact that the search warrant obtained by the officers to search the premises could not be used to search the private property of a guest who happened to be there when the search was under way'. To this ruling the State’s attorney objected and reserved a bill of exceptions, making a part thereof the motion to suppress the evidence taken thereon, the ruling of the Court and the State’s objection.
*372 The original of this bill of exceptions was incorporated in the application to this court for writs. Attached to the bill are certified extracts of the minutes of Court and a copy of the transcript of the evidence taken at the hearing. Nowhere in the minutes or in the transcript is reference made to the search warrant obtained by the officers to search the premises of Samuel Dansky at 11744 Robin Hood Drive. Only one reference to a search warrant is contained in the entire proceedings. It consists of a question propounded by defense counsel to defendant at the hearing in which he asked her if a warrant to search her purse was served upon her. She replied that no such warrant was served upon her.
Although what appears to be the original of the search warrant issued to search the Dansky apartment is incorporated in the application for writs to this Court, it contains no notation that it was filed in the trial court, and it is not marked as an exhibit. So far as we can ascertain from the record, defense counsel has never had an opportunity to object to the inclusion of the search warrant in the record, if its incorporation in the application for writs can properly be construed as part of the record.
In his per curiam the trial judge states that the police officers “obtained a search ’warrant to search certain premises for various narcotics,” and when the officers arrived, “one approached the front door, knocked and was granted permission” to-enter. Neither of these statements is supported by the record before us. In the decisions of this court it will be found that we-have invariably accepted the trial judge’s version of the facts upon which his ruling is based as set forth in his per curiam in the absence of a note of evidence to the contrary. La.Code Crim.Proc. art. 845; State v. Kaufman, 211 La. 517, 30 So.2d 337 (1947). Here, however, the note of evidence is before us and we are unable-to find support for the quoted statements-of the trial judge. To that extent, therefore, we must reject his version of the-facts.
It is entirely improper and a violation of fundamental constitutional rights to enter evidence into the record unless the defendant is confronted with the evidence against him, given an opportunity to object to its introduction, and accorded an opportunity to produce other evidence in rebuttal, or to otherwise question its validity. This proposition is so elementary that no-citation of authority is required to support it.
As we understand the State’s theory of this case, it is based upon two contentions : First, that defendant’s purse was lying open on the table in the kitchen and Lieutenant Vidrine saw the plastic bag of marijuana in the purse. Thus the mari *374 juana was in “plain view,” and no search warrant is required to seize what is in plain view. Secondly, as an alternative ■contention, the State argues that the search of the purse was incidental to a lawful ■search of the apartment in which it was found because the premises were being searched upon the authority of a valid search warrant.
Conceding that the first contention is based upon a correct statement of the law, it has no merit in this case because it is based upon an erroneous version of the facts. The trial judge found that Lieutenant Vidrine picked up the purse, opened it and then saw a small plastic bag containing marijuana. Hence the marijuana was not in “plain view” as the State contends. It was not until Lieutenant Vidrine invaded defendant’s purse that the marijuana was found and seized.
The second contention is equally without merit for this contention is also based upon a faulty fact premise. This argument assumes that the search of the house was being conducted upon the authority of a valid search warrant when, in fact, no proof of any search warrant has ever been properly entered in this record.
As already noted, our review of the record fails to disclose that a search warrant was ever properly introduced or that the officers ever received the consent of the owner of the premises to make the search. Nor does the record disclose that probable cause existed for the search. There is therefore no basis in the record to support the search and seizure here, except conclusions we might reach from surmise and conjecture.
Some contention has been made that defendant has failed to sustain the burden of proving the grounds upon which her motion is predicated. The contention is based upon Article 703, subd. C of the Code of Criminal Procedure which provides :
On the trial of a motion to suppress filed under the provisions of this article the burden of proof is on the defendant to prove the grounds of his motion, except that the state shall have the burden of proving that a purported written confession or written inculpatory statement was made freely and voluntarily and was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. (Emphasis added.)
Proof of the search of defendant’s purse while she was a guest in a private residence was established by her own witnesses and by the State’s witnesses as well. In addition, her testimony that no search warrant was served upon her stands unrebutted, and no claim is made that she consented to the search or that probable cause for the search existed. Under the circum *376 stances, defendánt was not required to negative every conceivable theory which could support a valid search. It is sufficient that she did prove that the search was made without a warrant and the testimony at the hearing showed no other valid basis for the search. At this point, if a warrant to search the premises was relied upon by the State to sustain the search and seizure, proof of this fact should have been offered in rebuttal. • There is no such proof.
For the reasons assigned, the ruling of the trial court on the motion to suppress is affirmed.