SUMMERS, Justice.
By a bill of information dated July 29, 1975, Leon G. Souby was charged with operating a motor vehicle on a public highway while under the influence of alcoholic beverages in violation of Article 98 of the Criminal Code. He entered a plea of not guilty and was found guilty in a bench trial, sentence to pay a fine of $200 and costs, or, in default, to serve ninety days in the parish jail.
We granted certiorari on Souby’s application to review alleged errors in the *255 conduct of the trial. The conviction is reversed, the sentence is set aside and the case is remanded for a new trial.
Prior to trial defendant filed a motion to suppress the photoelectric intoximeter test taken shortly after his arrest, alleging that the officials did not comply with the requirements for administration of the test or the standards for maintenance of the equipment used in administering the test. Evidence of the test is alleged to have been obtained in violation of defendant’s constitutional rights guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Article I of the Louisiana Constitution of 1974. In its answer to the motion to suppress the State declared: “The State does not intend to use the Photo-Electric Intoximeter Test as evidence.”
Counsel for defendant also filed a motion for bills of particulars in which he requested that the District Attorney furnish, among other, the following:
“(13) When was the photo-electric in-toximeter last repaired, inspected, cleaned and certified as to accuracy? By whom? And please attach certified copy of such certification and/or maintenance date to your answer to this bill of particulars.

“(15) Give a full explanation of the actual application of this test by the operator who administered same to the accused. Was this test performed according to the methods approved by the State Department of Health? If so, please attach a copy of those rules and regulations from the Department of Health.
“(16) What was the result of the test? Please set forth specific alcohol content, if in fact there was any as determined by this test.”
In its answer to these requests for bills of particulars the State set forth:
“13. The answer to this question is unnecessary since the State does not intend to use the Photo-Electric Intoximeter Test as evidence.
“15. The answer to this question is unnecessary since the State does not intend to use the Photo-Electric Intoximeter test as evidence.
“16. .14%”
In assigning his reasons for judgment the trial judge noted that the State had not introduced the results of the photoelectric intoximeter test into evidence, but he would rely upon the questions in the motion for bill of particulars and the answers thereto as part of his finding of fact. On this basis he found defendant guilty of operating a motor vehicle while under the influence of alcoholic beverages.
After a study of the evidence introduced at the trial it is apparent that there was ground for reasonable doubt as to defendant’s guilt, and the trial judge relied upon the results of the intoximeter test to weigh the evidence against defendant. In doing so he committed reversible error.
A tribunal’s determination of guilt or innocence in a criminal prosecution must be based on legal evidence. In this sense, then, the fact submitted for judicial cognizance must be established or disproved in accordance with the law of evidence — that is, by witnesses produced or by documents or other physical evidence introduced. Cf. La.Code Crim.Proc. art. 442.
Although they operate to limit the scope of proof at the trial, answers to a motion for bills of particulars do not constitute proof of the facts set out in the answer. La.Code Crim.Proc. arts. 484-85; State v. Bessar, 213 La. 299, 34 So.2d *256 785 (1948); State v. Masino, 214 La. 744, 38 So.2d 622 (1949). Especially is this true when the answer to the request for particulars specifically states that the information furnished will not be used as evidence by the State.
Nor was it proper for the trial judge to take judicial cognizance of the result of the test. Section 422 of Title 15 of the Revised Statutes and related statutes limit the matters of which courts may take judicial cognizance. None of the permissible matters include the results of photoelectric intoximeter tests.
It is entirely improper and a violation of fundamental constitutional rights to consider as evidence of guilt physical facts or testimony unless the defendant is confronted with the evidence against him, given an opportunity to object to its introduction, and accorded an opportunity to produce other evidence in rebuttal, or to otherwise question its validity. La. Const, art. I, § 16 (1974); La.R.S. 15:273; State v. Senegal, 316 So.2d 124 (La.1975); State v. Keller, 255 La. 367, 231 So.2d 354 (1970).
In the instant case the trial judge disclosed for the first time in his pronouncement of judgment that he considered the evidence of the test. This was after the case was closed and defendant had no opportunity to contest that evidence in any manner. In addition, defendant had been led to believe by the State’s answers to the motion to suppress and to the motion for bills of particulars that this evidence would not be used by the State. In fact, at no time during the presentation of the State’s case at the trial was the result of the test introduced into evidence or otherwise referred to by anyone. Particularly, the test was not offered into evidence by the State whose burden it was to prove the result of the test beyond a reasonable doubt. La.R.S. 15:271.
To rely upon the results of the test under these circumstances was a breach of those principles of fair play which characterize the trial of criminal cases in the American justice system.
For the reasons assigned, the conviction is reversed and the sentence is set aside. The case is remanded for a new trial.